# N. Y. SUPERIOR COURT.

## RUFUS K. McHARG agt. ALBERT L. EASTMAN.

In an action against a *trustee* of a manufacturing corporation incorporated under the general law of the state, to recover the penalty—the debt contracted by the corporation—for neglecting to file an annual report required by said act, the complaint is fatally defective where it does not allege that the *debt was existing at the time the default was made* by the trustees to file their report.

Where the complaint does not allege that the debt against the corporation is unpaid, or that it was unpaid when the trustees failed to make their report, but avers that the judgment (which was previously recovered against the corporation for the debt) and debt have been assigned to the plaintiff, and "there is now due to the plaintiff from the defendant the sum of $899.04," the complaint *held* defective within the case of *Chambers* agt. *Lewis* (28 *N. Y. R.* 454).

The complaint in such an action must also allege that the defendant *was a trustee at the time* of the default. An allegation that he has at all times been *president* of the corporation, although the president must be selected from the trustees, and is necessarily a trustee, is not sufficient as an allegation against him as trustee. The defendant must be sued as trustee, and not as president.

*General Term, February,* 1867.

ROBERTSON, MONELL *and* GARVIN, *Justices.*

THE complaint alleged that the defendant was one of the trustees of the Washington Medallion Pen Company, organized under the general incorporating act of this state. That the certificate of incorporation was filed February 10, 1857. That said company ·purchased machinery and gave their promissory note for the price thereof; upon which note an action was brought against the company, judgment recovered, and an execution thereon returned unsatisfied. That the said debt and judgment were afterwards duly assigned to the plaintiff. That said company has not annually, within twenty days from the first day of January, of any year since its organization, made and published a report, as required by the eleventh section of the said act. That the business of the company was carried on in the city of New York. The complaint demanded judgment for the amount of the judgment against the company, with interest.

The defendant demurred to the complaint that it did not state facts sufficient to constitute a cause of action.

The demurrer was overruled, and the defendant appealed.

Mr. FULLER, *for appellant.*

Mr. SAWYER, *for respondent.*

*By the court,* MONELL, J.   The reference in the complaint to the "eleventh" section of the general manufacturing law, instead of the twelfth section of said act, which prescribes the duties of corporations in respect to making annual reports, was apparently a mere error of the draftsman or copyist of the pleading.   It is wholly immaterial.   Public statutes need not be recited or even referred to in a pleading. It is sufficient if the case is brought within the statute. (*Bayard* agt. *Smith,* 17 *Wend.* 88 ; *Cole* agt. *Jessup,* 10 *How. Pr. R.* 524.)   In pleading a private statute or a right derived therefrom, it is sufficient to refer to such statute by its title, &c.   (*Code,* § 163.)   The reference, therefore, to the eleventh section was mere surplusage, and the error must be disregarded ; more especially, as all question is removed by a subsequent averment in the complaint that such company has not published and filed any such repors as is required by "said law."

The liability imposed by the act upon trustees of manufacturing companies for neglecting to file an annual report is in the nature of a penalty for misconduct in office.   (*Bird* agt. *Hayden,* 2 *Abb. Pr. R. N. S.* 61.)   The penalty imposed is the debt contracted by the corporation.

Although the recovery of a judgment against the corporation extinguishes the debt as to it, I do not think that such recovery affects the penal liability of a trustee.   A judgment is a debt, and the extinguishment of the simple contract debt, and its merger into the higher debt, does not in terms, nor by implication, dissharge the liability of a trustee.   It may operate as a bar to another action against the corporation,

but it lays no foundation for an action against a trustee. Such latter action is not for the recovery of the debt, but to recover a penalty, the measure of which is regulated by the debt.

While the statute does not require a judgment against the corporation, as preliminary to charging a trustee, as is required to fix the liability of stockholders, in certain cases, it does not forbid such a judgment. The liability is for a debt contracted by the corporation, but the judgment is not evidence of such debt, nor is the amount of the judgment the sole measure of damages against a trustee. Trustees are only liable for their own default or misconduct, and not for the default or misconduct of their predecessors or successors in office. (*Boughton* agt. *Otis,* 21 *N. Y. R.* 261; *Shaler* agt. *Hall Quarry Co.* 27 *Id.* 297.) Hence, it must appear that the penalty was incurred while they held office. So, an action to recover such a penalty must be brought within three years after the cause of action shall have accrued. (*Code,* § 92, *sub.* 2; *Merchants' Bank* agt. *Bliss,* 21 *How. Pr.* 365; *S. C.* 13 *Abb. Pr. R.* 225.) The debt, therefore, must exist at the time of the default, and be contracted by the corporation while the trustees sought to be made liable are in office; and the statute has reference to such debts and no others. (*Boughton* agt. *Otis, supra.*) A different construction would render the three years limitation nugatory. A creditor could delay suing a corporation upon its contract until the day immediately before that on which the statute of limitations would attach; and then, having obtained judgment, wait nearly three years longer before attempting to charge the trustees; and then allege the judgment to be the debt, and that the statute began to run only from its recovery.

Upon the construction I have given the statute, the "debt" for which the trustee may become liable is the original debt contracted by the corporation, and not the judgment which the creditor may have recovered against the

corporation. The recovery of ruch judgment was, therefore, unnecessary, and the allegations in the complaint in respect to it entirely immaterial. It did not extinguish the debt, in the sense that the trustee would not be liable for his own default; nor did it become any material fact in the statement of the plaintiff's cause of action.

But the complaint is defective, I think, in not averring that the debt was existing at the time the trustees were in default by omitting to publish their annual report, or was contracted afterwards.

The debt was contracted on the 3d of April, 1863. For such debt the trustees in office at the time became liable, by omitting to file a report within twenty days from the first day of January, 1864. The complaint does not allege that such debt was existing at the time default was made by the trustees.

The judgment was recovered October 24, 1863, and it is alleged that an execution was at the same time issued, which has been returned unsatisfied. It is not alleged that the judgment or the debt against the corporation is unpaid, or that it was unpaid when the trustees failed to make their report; the only averment being, that the judgment and the debt have been assigned to the plaintiff, and "there is now due to the plaintiff from the defendant the sum of three hundred and ninety-nine dollars and four cents." Whether such amount is due upon the judgment, or for the debt, or upon the defendant's liability as a trustee, or otherwise, does not appear.

This criticism of the complaint is justified by *Chambers* agt. *Lewis* (28 *N. Y. R.* 454).

Again, the statute makes the trustees liable; but it is not averred in the complaint that the defendant was a trustee at the time of default, unless the allegation that he has at all times been president of the corporation is to be regarded as sufficient. The president, it is true, must be selected from

the trustees, and is necessarily a trustee; but, I think, he must be sued as a trustee, and not as president.

For the reasons assigned, I am of the opinion that the facts stated in the complaint are not sufficient to constitute a cause of action; and that, therefore, the demurrer should have been sustained.

The order overruling the demurrer should be reversed, and judgment rendered for the defendant thereon, with costs; with leave to the plaintiff to amend his complaint, on payment of such costs.

No costs to either party on the appeal.