DIME SAVINGS BANK OF BROOKLYN v. BUTLER et al. (No. 7079.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

1 QUIETING TITLE ⊕⟹21—ACTION TO DETERMINE ADVERSE CLAIM—"CLAIM IN THE NATURE OF AN EASEMENT"—"EASEMENT."

A suit, under Code Civ. Proc. § 1638 et seq., to compel the determination of any claim adverse to plaintiff, including any claim in the nature of an easement, might be maintained to determine defendants' claim that plaintiff, in erecting upon its adjoining property a private residence, must leave an alley or passageway leading into the rear of the lot for an entrance thereto, and that it could not erect thereon any tenement house or flat, since defendants' claim was a "claim in the nature of an easement," including the elements of domination over plaintiff's property for

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendants' benefit and advantage; such claim being often spoken of as an "easement."

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 51–53; Dec. Dig. ☞21.

For other definitions, see Words and Phrases, First and Second Series, Easement.]

2. QUIETING TITLE ☞34—ACTION TO DETERMINE ADVERSE CLAIM—PETITION.
It was sufficient for defendant to allege, in the language of Code Civ. Proc. § 1639, that defendant "unjustly" made a claim, without stating the facts showing wherein the injustice consisted, or undertaking to set forth the source and basis of defendant's claim; that being for defendant to assert, if standing upon his claim.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 69, 71, 72, 76, 77; Dec. Dig. ☞34.]

Appeal from Special Term, New York County.

Action by the Dime Savings Bank of Brooklyn against Louise C. Butler and others. From an interlocutory judgment overruling demurrers to the complaint (88 Misc. Rep. 698, 152 N. Y. Supp. 448), defendants appeal. Affirmed, with leave to defendants to withdraw demurrers and to answer on payment of costs.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. Edwards Wyckoff, of New York City, for appellant Butler.

John Frankenheimer, of New York City, for appellants Nathan and others.

Samuel Hoff, of New York City, for appellant Lispman.

William N. Dykman, of Brooklyn, for respondent.

SCOTT, J. Plaintiff, the owner of a plot of land on the southeast corner of Madison avenue and Seventy-Second street in the city of New York sues under section 1638 et seq. of the Code of Civil Procedure to determine the validity of a claim asserted with respect to said property by the defendants, owners of property in the same block. The nature of the claim as stated in the complaint is that neither the plaintiff nor its successors or assigns can erect, or cause or permit to be erected, upon said property, any building or buildings except of brick, stone, or iron, with roof of slate or metal, not less than four stories in height, of which the fourth story may be represented by a mansard roof, to be used and occupied exclusively for private dwelling houses, such building or buildings to stand upon or cover the whole front of the lot upon which it is built, without an alley or passageway leading into the rear of said lot for an entrance thereto as distinct from said dwelling house or houses, and that neither the plaintiff, nor its successors in interest or assigns, can erect, suffer, or permit upon any part of the said real property any tenement house or flats.

[1] The nature of the defendants' claim is not that they, or any of them, have any title to plaintiff's property, or lien thereon, or any right themselves to use or enjoy it, but that they have the right to exercise dominion over it to the extent that plaintiff may not, without their consent, use and enjoy it in any manner and for any purpose that it may

see fit, or otherwise than in accordance with respondents' claim of domination.

It is argued with much learning and force that this right which the defendants claim is not technically an easement over plaintiff's property, and that defendants' claim as stated in the complaint cannot be a true easement, because not alleged to have arisen in grant or by presumption of a grant. It is not necessary to pass upon this contention (see Simmons v. Crisfield, 197 N. Y. 365, 367, 90 N. E. 956, 26 L. R. A. [N. S.] 663), for if it be conceded still it does not follow that the claim is not one which may be litigated in an action brought under the above-mentioned sections of the Code. The language of section 1638 is that the action may be brought to compel the determination of any claim adverse to that of the plaintiff, "including any claim in the nature of an easement therein."

The claim which the defendants admit that they make, whether or not technically an easement, is certainly a claim "in the nature of an easement," for it includes the elements of a claim to domination over plaintiff's property for the benefit and advantage of the defendants. For this reason, such a claim, although created by covenant, and not by grant, is frequently spoken of judicially ·as an "easement," and is held to be such an incumbrance upon land as to justify the refusal of a vendee to accept the title.

[2] The objection that it is insufficient to allege in the words of the Code that defendants "unjustly" make a claim, and that the plaintiff should state facts showing wherein the unjustness consists, seems to be answered by King v. Townshend, 78 Hun, 380, 29 N. Y. Supp. 181. Nor is it necessary that the plaintiff should undertake to set forth the source and basis of defendants' claim. It is sufficient that the defendant makes a claim; its source and validity is for him to assert, if he stands upon his claim. We are of opinion that the complaint states a good cause of action.

The judgment appealed from must therefore be affirmed, with costs, with leave to appellants to withdraw their demurrers and answer within 20 days, upon payment of costs in this court and in the court below. All concur.