In the Matter of ALUMINUM COMPANY OF AMERICA, Respondent, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Appellants, and NIAGARA FALLS POWER COMPANY, Respondent.

Argued October 16, 1940; reargued June 1, 1942; decided December 10, 1942.

*Gay H. Brown, Laurence J. Olmstead, Sherman C. Ward* and *Martin V. Callagy* for Public Service Commission, appellant. The Public Service Commission has jurisdiction over the rates charged by the power company to the aluminum company. (*People ex rel. Horton* v. *Prendergast*, 220 App. Div. 351; *Niagara Falls Power Co.* v. *Water Power & Control Comm.*, 267 N. Y. 265; *Squaw Island F. T. Co.* v. *City of Buffalo*, 273 N. Y. 119; *Commonwealth* v. *Alger*, 7 Cush. 53; *Appleby* v. *City of New York*, 235 N. Y. 351; *People ex rel. Niagara Falls Hydraulic Power & Mfg. Co.* v. *Smith*, 70 App. Div. 543; *United States Light & Heat Corp.* v. *Niagara Falls Gas & Electric Co.*, 47 Fed. Rep. [2d] 567; 283 U. S. 864; *Utah Power & Light Co.* v. *Pfost*, 286 U. S. 165; *People ex rel. B. E. M. Co.* v. *Wemple*, 129 N. Y. 543.) The aluminum company does not possess an easement or property right in the power company's lands, water rights and generating equipment. (*Nellis* v. *Munson*, 108 N. Y. 453; *Hess* v. *Roberts*, 124 App. Div. 328; *Lynch* v. *Murphy Hotel Co.*, 130 App. Div. 691; *United Merchants Realty & Imp. Co.* v. *New York Hippodrome*, 133 App. Div. 582; *Market Street Ry. Co.* v. *Pacific Gas & Electric Co.*, 6 Fed. Rep. [2d] 633; *Matter of Althause*, 63 App. Div. 252.)

*Charles E. Hughes, Jr., Augustus L. Richards, Harold L. Smith* and *Rowland Stebbins, Jr.,* for Aluminum Company of America, respondent. The rights of the aluminum company in the power house and the water power under the lease were vested interests in real property. (*Brooklyn Dock & Terminal Co.* v. *Bahrenburg*, 135 App. Div. 799; 202 N. Y. 521; *Morehouse* v. *Woodruff*, 218 N. Y. 494; *Stebbins* v. *Frisbie & Stansfield Knitting Co.*, 201 App. Div. 477; *Saratoga State Waters Corp.* v. *Pratt*, 227 N. Y. 429; *Welsh* v. *Taylor*, 134 N. Y. 450; *Presby* v. *Benjamin*, 169 N. Y. 377; *Mudge* v. *Salisbury*, 110 N. Y. 413; *Carthage T. P. Mills* v. *Carthage*, 200 N. Y. 1; *Holyoke Water Power Co.* v. *Whiting & Co.*, 276 Mass. 528; *Miller* v. *Clary*, 210 N. Y. 127; *Hottell & Colorado Milling & Elevator Co.* v. *Farmers' Protective Assn.*, 25 Col. 67.) The Commission had no jurisdiction to make the order under review. (*City of New York* v. *Interborough R. T. Co.*, 257 N. Y. 20; *Matter of Village of Mamaroneck* v. *Public Service Comm.*, 208 App. Div. 330; 238 N. Y. 588; *Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *United*

*States* v. *Delaware & Hudson Co.*, 213 U. S. 366; *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531; *Holyoke Water Power Co.* v. *Whiting & Co.*, 276 Mass. 528; *Holyoke Water Power Co.* v. *American Writing Paper Co.*, 90 Fed. Rep. [2d] 509; 304 U. S. 574; *South Carolina Power Co.* v. *South Carolina Tax Comm.*, 52 Fed. Rep. [2d] 515; 286 U. S. 525; *Sweet* v. *City of Syracuse*, 129 N. Y. 316; *Niagara Falls Hydraulic Power & Mfg. Co.* v. *Smith*, 70 App. Div. 543; 175 N. Y. 469; *Danes* v. *State*, 219 N. Y. 67; *United Paper Board Co.* v. *Iroquois Pulp & Paper Co.*, 226 N. Y. 38; *Little Falls Fibre Co.* v. *Henry Ford & Son, Inc.*, 249 N. Y. 495; 280 U. S. 369.)

*Randall J. LeBoeuf, Jr., Warren Tubbs* and *Chauncey P. Williams, Jr.*, for Niagara Falls Power Company, respondent.

*Per Curiam.* Section 621 of the Conservation Law (Cons Laws, ch. 65) contains two separate grants of jurisdiction to the Public Service Commission. The first such grant empowers the Commission to fix the rates to be charged for power by the holder of a license issued pursuant to other sections of article 14 of the Conservation Law. Since The Niagara Falls Power Company is not, at least for present purposes, a " licensee " under that article (see *Water Power & Control Comm.* v. *Niagara Falls Power Co.*, 289 N. Y. 353, decided herewith) the Public Service Commission must rely — for authority to fix the rates to be charged by the Power Company to the Aluminum Company — on the second grant of jurisdiction to the Commission contained in section 621 of the Conservation Law. That second grant confers jurisdiction to fix rates to be charged by any person, firm or corporation for furnishing power " generated wholly or partly by the use of water in which the state has a proprietary right or interest." The Aluminum Company, it plainly appears, is not a customer purchasing from the Power Company electrical power produced by the latter, but is a lessee from the Power Company of real property, with appurtenant and expressly granted rights in the lessee to take mechanical power from the hydraulic equipment of the Power Company. We hold that neither section 621 of the Conservation Law nor article 4 of the Public Service Law (Cons. Laws, ch. 48) shows any legislative intent to cover a situation where the power is produced pursuant to a lease agreement and under the special circumstances of the case at bar. It is thus unnecessary to consider or define the mean-

ing of the above-quoted language of section 621: " water in which the state has a proprietary right or interest."

The order of the Appellate Division should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Order affirmed.