THE WATER POWER AND CONTROL COMMISSION, Appellant and Respondent, *v.* NIAGARA FALLS POWER COMPANY, Respondent and Appellant.

Argued June 1, 1942; decided December 10, 1942.

*John J. Bennett, Jr., Attorney-General (Henry Epstein, Timothy F. Cohan* and *Jack Goodman* of counsel), for plaintiff, appellant and respondent. The interest of the State in the waters of the Niagara river conforms to the requirements of section 634 of the Conservation Law. (Cons. Laws, ch. 65). (*Matter of Commissioners of State Reservation at Niagara,* 37 Hun, 537; 102 N. Y. 734; *Niagara Falls Power Co.* v. *Water Power & Control Comm.,* 267 N. Y. 265; *Appraisers,* 33 N. Y. 461; *Crill* v. *City of Rome,* 47 How. Pr. 398; *People ex rel. Niagara Falls Power Co.* v. *Smith,* 70 App. Div. 543.) Chapter 513 of the Laws of 1892, chapter 477 of the Laws of 1893 and chapter 968 of the Laws of 1896 did not confer any lawful rights to divert and thus do not exempt defendant from the operation of section 634 of the Conservation Law. (*Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.,* 267 N. Y. 265; *Illinois Central R. R. Co.* v. *Illinois,* 146 U. S. 387; *Coxe* v. *State,* 144 N. Y. 396; *Matter of Long Sault Development Co.,* 212 N. Y. 1; *St. Anthony Falls Water Power Co.* v. *St. Paul Water Comm,* 168 U. S. 349.)

*Joseph M. Proskauer, Randall J. LeBoeuf, Jr., Warren Tubbs* and *J. Alvin Van Bergh* for defendant, respondent and appellant. The defendant has a corporeal hereditament to divert the waters of the Niagara river, arising as an incident to its riparian ownership and as a result of direct statutory grants. (*United Paper Board Co.* v. *Iroquois Pulp & Paper Co.,* 226 N. Y. 38; *Squaw Island Freight Terminal Co.* v. *City of Buffalo,* 246 App. Div. 472; 273 N. Y. 119; *Waterford Electric L., H. & P. Co.* v. *State,* 208 App. Div. 273; 239 N. Y. 629; *Danes* v. *State of New York,* 219 N. Y. 67; *People ex rel. Niagara Falls Hydraulic Power & Mfg. Co.* v. *Smith,* 70 App. Div. 543; 175 N. Y. 469; *Niagara County I. & W. S. Co.* v. *College Heights L. Co.,* 111 App. Div. 770; *Donnelly* v. *United States,* 228 U. S. 243; *Strather* v. *Lucas,* 12 Pet. 410; *Sears* v. *City of Akron,* 246 U. S. 242; *First Construction Co.* v. *State,* 221 N. Y. 295.)

*Maurice P. Davidson, Charles Poletti, George Stephens Reid, Jesse Freidin* and *Harvey T. Mann* for Power Authority of State of New York, *amicus curiæ.* The State has inalienable sovereign ownership of the waters of the Niagara river. Consequently, such diversion rights as defendant may exercise are subject to the reserve power of the State to regulate and control the use of the water in behalf of the public. (*United States* v. *Appalachian Electric Power Co.,* 311 U. S. 377; *Matter of Commissioners of the State Reservation at Niagara,* 37 Hun, 537; 102 N. Y. 734; *Niagara Falls Power Co.* v. *Water Power & Control Comm.,* 267 N. Y. 265; *People* v. *Tibbetts,* 19 N. Y. 523; *People* v. *Canal Appraisers,* 33 N. Y. 461; *United States* v. *Chandler-Dunbar Water Power Co.,* 229 U. S. 52; *Pike Rapids Power Co.* v. *Minneapolis, St. Paul & S. S. M. R. Co.,* 99 Fed. Rep. [2d] 902; *Crill* v. *City of Rome,* 47 How. Pr. 398; *Shively* v. *Bowlby,* 152 U. S. 1; *Lewis Blue Point Oyster Cultivating Co.* v. *Briggs,* 198 N. Y. 287; *Smith* v. *City of Rochester,* 92 N. Y. 463; *Illinois Central R. R. Co.* v. *Illinois,* 146 U. S. 287.) The legislative acts of 1892 and 1896 were intended to confer upon defendant's predecessors no diversion rights superior to those of owners of riparian lands at common law. They did not constitute irrevocable grants nor attempt to alienate the State's sovereign powers. (*New York Power & Light Corp.* v. *State,* 230 App. Div. 338; *Niagara Falls Power Co.* v. *Water Power & Control Comm.,* 267 N. Y. 265; 296 U. S. 609.)

*Per Curiam.* We affirm the judgment below but on the sole ground that defendant is, by the terms of section 634 of the Conservation Law (Cons. Laws, ch. 65), exempted from the licensing requirements of that section, as having some " right lawfully and previously acquired," with the State's consent, to divert water from the Niagara River for power purposes.

Since the statute itself thus excludes defendant from its coverage, and because the State itself is not a party to this litigation, we make no determination as to the particular nature and extent of defendant's rights or privileges as acquired from the State or as riparian owner, or as to the effect thereon of the State's reserved right to control, regulate or license, through appropriate legislation, the diversion of water from the Niagara River at and near Niagara

Falls. (See *Niagara Falls Power Co.* v. *Water Power & Control Commission*, 267 N. Y. 265.)

The judgment should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment affirmed.