NIAGARA FALLS POWER COMPANY, Appellant, *v.* JOHN L. HALPIN et al., Constituting the Water Power and Control Commission of the State of New York, et al., Respondents.

Third Department, December 28, 1943.

*LeBoeuf & Lamb,* attorneys (*Joseph M. Proskauer, Randall J. LeBoeuf, Jr., Warren Tubbs, Lauman Martin* and *J. Alvin Van Bergh* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Timothy F. Cohan* and *Ruth K. Toch, Assistant Attorneys-General,* of counsel), for respondents.

HEFFERNAN, J. Subsequently to the commencement of this action respondents moved to dismiss the complaint, pursuant to rule 106 of the Rules of Civil Practice, on the ground that it appears on the face thereof that the court has neither jurisdiction of the person of the defendants nor of the subject of the

action. From an adverse determination of the Albany Special Term of the Supreme Court appellant has come to this court.

In its order dismissing the complaint the Special Term also denied appellant's motion for an injunction *pendente lite* against respondents. We are not presently concerned with that part of the order which denied injunctive relief. On the argument of this appeal this court, in the exercise of its discretion, enjoined respondents pending our determination of the cause on the merits.

The only question now presented for our decision is the sufficiency of the complaint. Our ruling is not to be construed as an expression of our opinion on any other issue in the action.

This is not merely an action for a declaratory judgment as suggested by the Attorney-General; it is much broader in its scope. The prayer for a declaration of the rights of the parties is merely an incident to the principal relief sought. This is an action on the equitable side of the court in which appellant is attacking the constitutionality of chapter 46 of the Laws of 1943█ which so far as material here provides that the Water Power and Control Commission: " Shall have the power to fix and determine, after a hearing held upon notice to the parties interested, * * * from July first, nineteen hundred forty-three, the amount of an equitable rental, which is hereby charged, for the diversion of water from the Niagara river to the extent of a daily diversion at the rate of fifteen thousand one hundred cubic feet per second and not otherwise subject to the imposition of an equitable rental as specified in such chapter [L. 1918, ch. 597], and which rentals shall be fixed in like manner as if an application was made for a license under the provisions of this article before the water was used, and the people of the State may sue for and collect in behalf of the State such rentals as so fixed and determined." (Conservation Law, § 614, subd. 13.)

In 1918 appellant was formed pursuant to chapters 596 and 597 of the Laws of 1918. As a condition to the granting of its consent to the formation of appellant and its exercise of the riparian and other rights vested in it from two constituent companies to divert water from the Niagara River for power purposes in a manner not possible when the two constituent companies were separate organizations, the Legislature imposed certain restrictions on the new company by chapter 597 of the Laws of 1918. The Legislature specifically provided in that

act that " if the corporation constituted by such consolidation [i.e., L. 1918, ch. 596] shall divert from the Niagara River for power purposes more than fifteen thousand one hundred cubic feet per second, there shall be reserved to the state the right to charge an equitable rental therefor in such amount and in such manner as shall hereafter be provided by law;  *  *  * ".

By virtue of the provisions of chapters 596 and 597 of the Laws of 1918 appellant succeeded to all of the rights, privileges, franchises, interests and property of Hydraulic Power Company of Niagara Falls, successor to The Niagara Falls Hydraulic Power and Manufacturing Company and of The Niagara Falls Power Company (constituent) and became entitled to exercise all of the powers previously conferred upon such corporations in respect of diversion of water from the Niagara River for power purposes subject only to the reservation of the State of New York of the right to charge an equitable rental for the diversion of waters of the Niagara River for power purposes in amounts in excess of 15,100 cubic feet per second.

In this action appellant seeks to enjoin the respondents, excepting the State of New York, from proceeding to fix and determine an equitable rental for the diversion of water from the Niagara River by appellant to the extent of a daily diversion at the rate of 15,100 cubic feet per second under and in pursuance of chapter 46 of the Laws of 1943. Appellant alleges that chapter 46 of the Laws of 1943, in purporting to authorize the Water Power and Control Commission to impose such a rental, is unconstitutional and would constitute the taking of private property of the appellant without due process of law in violation of section 6 of article I of the Constitution of the State of New York, a taking of private property for public use without just compensation in violation of section 7 of article I thereof, and an impairment of the obligation of the State's contracts with appellant in violation of section 10 of article I of the Constitution of the United States and a violation of the Fourteenth Amendment thereof.

Appellant alleges the ownership and right to possession and enjoyment of the taking and diversion for power and other purposes in excess of 15,100 cubic feet per second of water from the Niagara River without the payment of any rental therefor up to 15,100 cubic feet per second. It also alleges the source of its right in and title to the use and enjoyment of these waters through ownership of riparian rights, patents issued to it and its predecessors by the State of New York, statutory grants and

confirmations from the State of New York and a recognition of its ownership of such rights by the United States in a treaty between the United States and Canada. Appellant likewise alleges the performance of and compliance with every condition exacted by the State of New York pursuant to statute in connection with the use and enjoyment of the diversion here in question.

Respondents having omitted to answer the complaint we are bound to treat the allegations thereof as facts. (*Locke* v. *Pembroke*, 280 N. Y. 430, 432.) The allegation in the complaint that appellant is the owner of the rights at issue must be accepted as true for the purpose of this appeal.

The rights of appellant to divert the particular waters for which the respondent Water Power and Control Commission is now authorized by chapter 46 of the Laws of 1943 to fix and determine a rental were upheld by this court in *Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.* (237 App. Div. 216, reversed on other grounds 267 N. Y. 265; and *Matter of Aluminum Co. of America* v. *Maltbie*, 259 App. Div. 89, affd. 289 N. Y. 357). The right of appellant to divert the waters here in question was recently expressly recognized in *Water Power & Control Comm.* v. *Niagara Falls Power Co.* (289 N. Y. 353, 356). Previously the rights of the company's predecessors to divert the waters here in question were recognized in *People ex rel. Niagara Falls Power Co.* v. *Smith* (70 App. Div. 543, affd. without opinion, 175 N. Y. 469, and in *International Paper Co.* v. *United States*, 282 U. S. 399). In the latter case the court said: " The Niagara Falls Power Company by private grant to it, Letters Patent from the State of New York and acts of the Legislature of that State, was the owner so far as the law of New York could make it owner of land and water rights on the American side of the River above the Falls." In its opinion the court described the right of diversion as " a right that by the law of New York was a corporeal hereditament and real estate."

Prior to the enactment by the Legislature of chapter 46 of the Laws of 1943 appellant and its predecessors had diverted waters of the Niagara River for power purposes up to the extent of a daily diversion at the rate of 15,100 cubic feet per second without the imposition of any rental by the State of New York under open and notorious claims of ownership of such rights for not less than eighty years.

The Special Term has held that the statute itself provides an adequate remedy to appellant in resisting the imposition and

collection of the rental provided by the statute. What is that remedy? The statute provides for a hearing by the Water Power and Control Commission to fix an equitable rental. Under the statute appellant may review such a determination under article 78 of the Civil Practice Act through the courts. After having had the amount of a rental fixed and determined the Special Term has held that appellant has an adequate remedy to assert the unconstitutionality of the statute when the State brings an action under the statute to collect the rental. In our opinion such a remedy is not adequate. The agency which the statute has created has no power to pass on the constitutional question involved. Ever since *Marbury* v. *Madison* (1 Cranch 137) it has been recognized that a suit against an officer is the classic method of testing the constitutionality of the statute under which he purports to act. Constitutional rights may be tested in a plenary action in equity brought for that purpose. (*New York Operators* v. *State Liquor Authority,* 285 N. Y. 272, 278; *Aerated Products Co. of Buffalo, Inc.,* v. *Godfrey,* 263 App. Div. 685, revd. on other points 290 N. Y. 92; *Richfield Oil Corp.* v. *City of Syracuse,* 287 N. Y. 234; *Dun & Bradstreet Inc.,* v. *City of New York,* 276 N. Y. 198.) The only adequate remedy available to appellant is that which it has chosen.

We are not much impressed by the argument that appellant has mistaken its forum — that it should await the action of the Water Power and Control Commission and then resist an action by the State to collect the rental thus fixed.

Appellant has come into the Supreme Court of the State of New York, a court to which it has a legal and a constitutional right to come, not as a matter of favor but as a matter of right, a court having general jurisdiction in both law and equity. The jurisdiction of that court is unlimited, unqualified, and coextensive with the boundaries of the State. The Legislature has no power to deprive it of jurisdiction or to limit or qualify the same although it may grant concurrent jurisdiction to other courts. The Supreme Court has jurisdiction to hear and determine any justiciable question of which the common law or chancery courts of England would have had cognizance, subject only to territorial limitations, such jurisdiction being broad enough to embrace all causes of action and all persons within the State's jurisdiction. The door of that court should never be closed to any suitor who has a grievance which should be redressed on the spurious pretext that by going hat in hand to some administrative tribunal he may possibly be accorded a hearing.

Respondents also urge that the State may not be sued in this action. While many of the allegations of the complaint do not apply to the State we think that it is properly joined as a party in order to determine a claim to real property under article 15 of the Real Property Law. There is implicit in this complaint the contention that the title to real property is involved. (§ 508.)

In our opinion the complaint states a good cause of action against respondents and hence the judgment appealed from should be reversed, with costs and disbursements and the motion to dismiss denied, with ten dollars costs, with the usual leave to respondents to answer.

All concur.

Judgment appealed from reversed on the law, with costs and disbursements to appellant, and motion to dismiss the complaint denied, with ten dollars costs, with leave to respondents to serve an answer, within twenty days after the service of a copy of the order to be entered hereon with notice of entry. [See *post*, pp. 853; 926, *sub nom.* Niagara Falls Power Co. v. White, for amended decisions.]