NIAGARA FALLS POWER COMPANY, Respondent, v. JOHN WHITE et al., Constituting the Water Power and Control Commission of the State of New York, et al., Appellants.

Argued April 12, 1944; decided May 25, 1944.

474

*Nathaniel L. Goldstein,* Attorney-General (*Orrin G. Judd* and *Ruth Kessler Toch* of counsel), for appellants. I. Plaintiff did not follow the proper procedure for determining the constitutionality of chapter 46 of the Laws of 1943, and therefore the Supreme Court did not have jurisdiction of the subject matter of the complaint. Special Term properly exercised its discretion in holding that the complaint did not state a case for declaratory judgment. (*Reed* v. *Littleton,* 275 N. Y. 150; *James* v. *Alderton Dock Yards,* 256 N. Y. 298; *Somberg* v. *Somberg,* 263 N. Y. 1; *Newburger* v. *Lubell,* 257 N. Y. 383; *Woollard* v. *Schaffer Stores Co.,* 272 N. Y. 304; *Brown* v. *Equitable Life Assur. Society of U. S.,* 290 N. Y. 818; *Colson* v. *Pelgram,* 259 N. Y. 370; *General Accident Fire and Life Assurance Corp.* v. *Becker,* 252 App. Div. 556; *79 Delancey Corp.* v. *Meridian Holding Corp.,* 286 N. Y. 354; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45; *International Mutoscope Reel Co.* v. *Valentine,* 271 N. Y. 622; *Guide Escort Service, Inc.,* v. *Moss,* 176 Misc. 66, 260 App. Div. 920, 285 N. Y. 857.) II. The complaint does not state a cause of action for an injunction. (*Cruickshank* v. *Bidwell,* 176 U. S. 73; *California* v. *Latimer,* 305 U. S. 251; *T. & B. R. R. Co.* v. *B. H. T. & W. Ry Co. et al.,* 86 N. Y. 107; *Brass* v. *Rathbone,* 153 N. Y. 435; *Allerton* v. *Belden,* 49 N. Y. 373; *Myers* v. *Bethlehem Corp.,* 303 U. S. 41; *Petroleum Co.* v. *Public Service Comm.,* 304 U. S. 209; *Staten Island Edison Corp.* v. *Maltbie,* 267 App. Div. 72; *New York State Electric & Gas Corp.* v. *Maltbie,* 266 N. Y. 521; *Davis et al.* v. *American Society, etc., et al.,* 75 N. Y. 362.) III. The complaint does not state a cause of action giving the right to sue the State. (*Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303; *Breen* v. *Mortgage Commission,* 285 N. Y. 425; *Water Power & Control Comm.* v. *Niagara Falls P. Co.,* 289 N. Y. 353; *Pauchogue Land Corp.* v. *State Park Com.,* 243 N. Y. 15; *Rolston* v. *Missouri Fund*

*Com'rs.*, 120 U. S. 390; *Adler, Inc.*, v. *Noyes*, 285 N. Y. 34; *Miller Supply Co.* v. *State Board of Control*, 72 W. Va. 524.) IV. The complaint cannot be sustained as a suit under article 15 of the Real Property Law and jurisdiction over the State acquired thereby. (*Niagara Falls P. Co.* v. *Water P. & C. Comm.*, 267 N. Y. 265; *Water Power & Control Comm.* v. *Niagara Falls P. Co.*, 289 N. Y. 353; *Breen* v. *Mortgage Commission*, 285 N. Y. 425; *Rubin* v. *Bernstein*, 133 Misc. 95.)

*Joseph M. Proskauer, Randall J. Le Boeuf, Jr., Warren Tubbs, Lauman Martin* and *J. Alvin Van Bergh* for respondent. I. The action for an injunction and a declaration of rights was an appropriate method of determining the constitutionality of chapter 46 of the Laws of 1943. (*Nashville, C. & St. L. Ry.* v. *Wallace*, 288 U. S. 249; *So. Bell T. & T. Co.* v. *City of Mobile*, 162 F. 523, 174 F. 1020; *Phenix City* v. *So. Bell T. & T. Co.*, 33 F. Supp. 283; *Faulkner* v. *City of Keene*, 85 N. H. 147; *Buder* v. *First Nat. Bank*, 16 F. 2d 990, 274 U. S. 743; *Schwartz* v. *Essex County Board of Taxation*, 129 N. J. L. 129; *Aerated Products Co.* v. *Godfrey*, 290 N. Y. 92; *Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234; *German Masonic Temple Assn.* v. *City of N. Y.*, 279 N. Y. 452; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Bank of Yorktown* v. *Boland*, 280 N. Y. 673; *City of New York* v. *Maltbie*, 274 N. Y. 90; *Elmhurst Fire Co.* v. *City of New York*, 213 N. Y. 87; *Euclid* v. *Ambler Co.*, 272 U. S. 365; *Carter* v. *Carter Coal Co.*, 298 U. S. 238; *City Bank Co.* v. *Schnader*, 291 U. S. 24.) II. The action may be maintained against the State of New York as an action to compel the determination of a claim to real property under article 15 of the Real Property Law. (*Water Power & Control Comm.* v. *Niagara Falls P. Co.*, 289 N. Y. 353; *Pauchogue Land Corp.* v. *State Park Comm.*, 243 N. Y. 15; *Town of Ohio* v. *People*, 264 App. Div. 220; *Tracy Development Co.* v. *Becker*, 212 N. Y. 488; *Hydraulic Race Company* v. *Greene*, 230 App. Div. 274, 257 N. Y. 540; *International Paper Co.* v. *U. S.*, 282 U. S. 399.)

DESMOND, J. Plaintiff by this suit seeks to obtain a judicial declaration of the unconstitutionality of chapter 46 of the Laws of 1943. That chapter added a new section (612) to the Con-

servation Law and amended sections 614, 634 and 639 thereof. These statutory changes were intended to achieve the State's purpose of charging, fixing and collecting from plaintiff, beginning July 1, 1943, an " equitable rental * * * for the diversion of water from the Niagara River to the extent of a daily diversion at the rate of fifteen thousand one hundred cubic feet per second ". (§ 614). In 1942 we had held (*Water Power & Control Comm.* v. *Niagara Falls P. Co.,* 289 N. Y. 353) that the Conservation Law, as it then stood, exempted this plaintiff from its licensing requirements. Plaintiff asserts, in its complaint in this suit, that it is the owner of the right to divert the water, without any obligation to pay rent, and that the charging, fixing or collecting by the State of such a rental, under the 1943 amendments, would deprive it of its property without due process of law, in violation of the Federal and State Constitutions. Those questions of constitutionality and of the nature or extent of plaintiff's alleged rights are not before us at this stage of this litigation and nothing said herein is to be taken as indicating any view of this Court as to those matters. Special Term granted defendants' motion (under Civil Practice Rule 106) to dismiss the complaint for lack of jurisdiction of the subject matter and of the persons of defendants. The Appellate Division reversed, denied the motion, granted leave to appeal to this court, and certified to us questions as to the jurisdiction of the Supreme Court over the subject matter of the complaint, as to its jurisdiction over the person of the State of New York, and as to whether the complaint " constitute[s] the proper procedure for determining the constitutionality of Laws of 1943, chapter 46 ". The question of sufficiency of the complaint was not, speaking most strictly, covered by defendants' notice of motion to dismiss for lack of jurisdiction of subject matter and person, but both courts below have, apparently, passed on the sufficiency of the pleading as well as the jurisdictional questions. That being so, and since the questions are most intimately connected, we answer the three questions as certified to us.

Since we are not passing on the intrinsic rights and wrongs of the controversy but on jurisdictional and procedural questions only, we limit ourselves to a scant summary of the lengthy complaint. Plaintiff sets forth that it owns and is entitled to the possession of a " corporeal hereditament " to take for

power purposes, from the waters of the Niagara River above Niagara Falls, the 15,100 cubic feet of water per second (and more water not here involved) and that its rights are based on riparian ownership and on grants and patents from, and statutes of, the State of New York. Those rights, says the complaint, are put in jeopardy by the aforementioned chapter 46 of the Laws of 1943 under which the State has, in terms, '' charged '' a rental for this 15,100 c.f.s. diversion, and pursuant to which the defendant State Water Power and Control Commission intends to, and has begun to, conduct hearings looking to the fixation of an '' equitable rent ''. After stating other matters of alleged fact, the complaint asserts that plaintiff will suffer irreparable injury unless the court promptly '' declare the rights of plaintiff with respect to continued diversion of such waters of the Niagara River and enjoin defendants from proceeding to fix and determine the aforesaid rental charge.'' The relief asked is an injunction, a declaration of the unconstitutionality of the 1943 amendments, and such other declarations as may be thought fit and proper. Special Term agreed with plaintiff that this suit was brought under two theories, i e., for a declaratory judgment, and to compel the determination of a claim to real property under article 15 of the Real Property Law. The declaratory judgment cause of action could not be sustained, held Special Term: first, because the State, a necessary party to any such suit, had not given its consent to be sued; and, second, because, in view of other complete remedies available to plaintiff and the lack of any showing of imminent danger or irreparable injury, no necessity appeared for a resort to the declaratory judgment procedure. The other '' adequate and complete remedy '' said by Special Term to be open to plaintiff's use, is by way of defense to a suit by the State for the rent, when fixed; '' the people of the state may sue for and collect in behalf of the state such rental as so fixed and determined '' (Conservation Law, § 614 as amd. in 1943). Such a suit by the People is, it seems, the only method of enforcing collection of the rent. The Attorney-General points to what he considers to be another court procedure to which plaintiff may resort, that being a review '' upon the facts upon certiorari to the supreme court '' of any Commission order fixing a rental (Conservation Law, § 620, not part of the 1943 amendments).

The Appellate Division, reversing the dismissal order, treated the complaint as being " in a plenary action in equity " against a public officer, which, said that court, " is the classic method of testing the constitutionality of the statute under which he purports to act ". " The only adequate remedy available to appellant [plaintiff] " wrote Justice HEFFERNAN for a unanimous court, " is that which it has chosen ". (267 App. Div. 241.) The Appellate Division expressed itself as not being " much impressed " by the argument that plaintiff must await the Commission's fixation of the rent, then resist an action by the State to collect that rent. As to the State's denial of any right to bring such a suit as this against it, the Appellate Division held that the complaint contained, implicitly, allegations that the title to real property is involved and held that, accordingly, the State could be joined as a party (the State has by section 508 — formerly 512 — of the Real Property Law, expressly consented to be sued in actions brought under article 15 of that Law for the determination of claims to real property).

The draftsman of this pleading clearly intended to state at least a cause of action for a declaratory judgment as to the constitutionality of the statute, with a demand for incidental relief by way of injunction. We would have a different problem on our hands if we had to decide whether the situation disclosed by this complaint is inherently such as makes appropriate the use of such a theory of action. We do not come to that question, however. Clearly this lawsuit is one against the State of New York, insofar as that entity itself is made a party and in its impact on defendant Water Power and Control Commission and defendants, Commissioners. There is no showing here of any form of consent by the State to be sued for such a declaratory judgment and so the court has no jurisdiction of the subject matter. (*Kiersted* v. *The People of the State of New York,* 1 Abb. Pr. 385.) As to the State officers named as defendants and as to the Commission itself, they are not here charged with any present or threatened trespass nor any direct physical interference with plaintiff's enjoyment of what it claims to be its rights. If the complaint contained such charges against them, they could, perhaps, be held individually to account in such an action as this. (*Pauchogue Land Corp.* v. *State Park Comm.,* 243 N. Y. 15, 28; *Saratoga State Waters Corp.* v. *Pratt,* 227 N. Y. 429, 447.) But the Commis-

sioners and the Commission are sued here only because they are going ahead with the hearings mandated by section 614 of the Conservation Law, to determine the amount of the rental. The gravamen of the whole complaint is plaintiff's contention that it, and not the State of New York, has a proprietary right to divert the waters. In such a suit, whether it be instituted against the State or its officers or against both officers and State, the State is the real party in interest and the consent of the State to be sued is required. (*Sanders* v. *Saxton,* 182 N. Y. 477; *Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303, see *Adler, Inc.,* v. *Noyes,* 285 N. Y. 34.) Section 402 of the Conservation Law, empowering the Commission " to defend such actions, suits or proceedings as may arise through the performance of any of the duties or functions imposed upon it " may not be construed as a waiver by the State of its sovereign immunity, under the rule requiring strict construction of statutes in derogation of such immunity. (*Breen* v. *Mortgage Commission,* 285 N. Y. 425, 431.) We do not, of course, mean that no suit for a declaratory judgment may ever be maintained against a State officer or agency. (See *New York Operators* v. *State Liquor Authority,* 285 N. Y. 272.) We do not stop to inquire whether an otherwise permissible suit for a declaratory judgment may not, under some circumstances, be maintained against the State itself. (See *Burnham* v. *Bennett,* 259 N. Y. 655; *Hydraulic Race Co.* v. *Green,* 257 N. Y. 540.) We do not pass on the correctness of the reasoning or the result in *Town of Ohio* v. *People* (264 App. Div. 220). Taking as true the complaint's statements, we find this suit to be, like *Tracy Development Co.* v. *Becker* (212 N. Y. 488) one to define and settle, as between a private suitor and the State, conflicting claims to water rights. To such a litigation the State is surely a necessary party, although we were not in a position definitely so to hold in *Water Power Comm.* v. *Niagara Falls P. Co.* (*supra*). It follows that this complaint discloses a lack of jurisdiction of the subject matter, unless the State has somewhere given specific consent so to be sued.

This brings us to article 15 of the Real Property Law and to the question of whether there may fairly be found in this pleading the allegations required for an article 15 suit for " the

determination of a claim to real property.'' If this be such a suit, then plaintiff is in court against the State at least, for the State, as aforesaid, has surrendered its immunity as against such suits. (Real Property Law, § 508, added in 1925 as § 512.) It is no concern of ours whether the pleader had article 15 in mind when he drew the complaint. The opinions in both courts below show that plaintiff advanced this theory as soon as the complaint was challenged. Nor is it of importance that plaintiff has failed to use the language of article 15 or, indeed, to refer to that article. When a cause of action is authorized by such a public statute, the complaint is good if it substantially shows forth the real essentials necessary for a recovery. (*McHarg* v. *Eastman*, 35 How. Pr. 205; see *Condon* v. *Associated Hospital Service*, 287 N. Y. 411, 414.) What is essential under article 15? First, the suitor must set forth a claim to '' an estate or interest in real property '' (Real Property Law, § 500). This complaint claims ownership by plaintiff of a corporeal hereditament consisting of the right to divert and use the water. We think that, for pleading purposes, is a claim to an estate or interest in real propery (*Tracy Development Co.* v. *Becker, supra,* Angell on Water Courses, §§ 5, 141; General Construction Law, § 40; Real Property Law, § 2 — the reference in section 2 of the Real Property Law to the first 8 articles of that Law is of no significance here). We think this complaint, fairly read, contains all the statements required by section 502 of the Real Property Law, so far as applicable to this situation, including statements to the effect that '' the defendant claims, or * * * might claim an estate or interest in the real property, adverse to that of the plaintiff ''. Plaintiff's demand for judgment (Real Property Law, § 502, subd. 2) probably asks for more than the court could ever give it under section 506 but asking for too much does not spoil a complaint; the trial court takes cares of that. (See *Jackson* v. *Jackson*, 290 N. Y. 512, 516, 517.) We conclude that a cause of action against the State, under article 15, is adequately described in this complaint. The right to sue the Water Power Commission and its members, on this theory, is not so clear. Obviously the Commissioners do not claim for themselves '' an estate or interest in the real property, adverse to that of the plaintiff '' [Real Property Law, § 502, subd. 1,

par. (b)]. However, they are the State's chosen agents for the assertion of such a claim. The complaint says that, while the State has no proprietory interest as against plaintiff in the flow of water diverted by plaintiff for power purposes, defendants claim the power to fix a rental therefor. The requirements for pleading a defendant's position in a suit to determine a claim to real property have never been very exacting. (See *Dime Savings Bank* v. *Butler,* 167 App. Div. 257, affd. 215 N. Y. 708). In view of this and of the power given to the Commission by section 402 of the Conservation Law, to defend suits arising out of the performance of its duties, the Water Power and Control Commission and its members are proper parties here.

Completing our analysis of the complaint, we hold that no case is shown for an injunction. There are conclusory statements of imminent and irreparable injury but the facts alleged do not show such a peril — indeed they probably negative it. (*California* v. *Latimer,* 305 U. S. 255.)

We notice, since it bears on jurisdiction, a matter that is not argued in the briefs. On or about July 8, 1943, and about a week after the service of the summons and complaint, plaintiff moved, on an affidavit, for a temporary injunction. The Attorney-General served an opposing affidavit, sworn to on July 20, 1943. Argument could be made that such an entrance into the suit by the Attorney-General, without any statement that he was appearing specially only, amounted to a general appearance and a waiver of any immunity of the State. (See *Porto Rico* v. *Ramos,* 232 U. S. 627, but compare *Seitz* v. *Messerschmitt,* 117 App. Div. 401, affd. 188 N. Y. 587.) The record here shows, however, that the Attorney-General, although not appearing specially, did in that same affidavit notify the court that the State had not consented to be made a defendant. Further, it appears from the record that this affidavit opposing the motion for temporary injunction was served at about the same time as the State's notice of motion to dismiss the complaint on jurisdictional grounds. No waiver of immunity can fairly be spelled out of such activities of the State's law officers.

The order should be affirmed, with costs, and the certified questions answered in the affirmative.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur.

Order affirmed, etc.