In the Matter of PARK OFFICE BUILDING CORPORATION, Petitioner. THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Bronx County, December 2, 1949.

*Nathaniel L. Goldstein, Attorney-General (Louis Winer* of counsel), for respondents appearing specially.

*Sidney M. Wittner* for petitioner.

PECORA, J. Petitioner-landlord makes application pursuant to the Emergency Rent Law to fix the reasonable rental value of space occupied by the Unemployment Insurance Department of the State of New York. The State of New York has appeared specially and has made a cross motion to dismiss the proceeding upon the ground of the State's immunity from suit without consent.

The petitioner's proceeding emanates from chapter 314 of the Laws of 1945, as amended, which provides for the method for determination of fair and reasonable rental values by the Supreme Court. Clearly this proceeding to fix the reasonable rental of premises is a suit against the State of New York. Without the consent of the State it cannot be sued. (*Niagara Falls Power Co.* v. *White*, 292 N. Y. 472.) The statute under which petitioner moves neither expressly nor by implication

contains a consent by the State to be sued in a proceeding thereunder for an increase in rent. In *159 Joralemon St., Inc.,* v. *Gorman* (N. Y. L. J., June 27, 1949, p. 2269, col. 1), it was held that a plea of immunity by the State from a proceeding similar to the one in suit must be sustained. So, too, in *Washington Associates, Inc.,* v. *People* (N. Y. L. J., Dec. 14, 1946, p. 1749, col. 7), it was held that summary proceedings may not be maintained against the State without its consent to submit to the jurisdiction of the court. The same result was obtained in *United States* v. *Weisenbloom* (168 F. 2d 698 [C. C. A. 2d, 1948]) where it was held that the New York Legislature did not intend to include the United States itself in the general term " landlord ". In that case the court pointed out (p. 700): " The courts of New York follow the same rule concerning the effect upon the state government of similar acts of that state's legislature."

Consequently, I hold that the statute confers no jurisdiction on this court to entertain this proceeding against the State of New York and that its claim of immunity must be sustained. Landlords in the position of petitioner must seek redress in the Court of Claims or by legislative amendment. The cross motion to dismiss is therefore granted. Settle order.