Michael Catalano, J.
The plaintiff seeks a temporary injunction “ enjoining the defendant from commencing any proceeding or otherwise attempting to remove the plaintiff or his property from the aforesaid premises (at 117 Franklin Street, Buffalo, New York) during the pendency of this action ”,
The complaint "alleges that the plaintiff is a tenant “ doing business as ‘ The Inn ’ ” at said place and the defendant is a domestic municipal corporation; that on March 1, 1963, the defendant purchased said property “ in lieu of condemnation ” (emphasis supplied) from Meyer Gordon; that on May 10, 1963, the plaintiff received notice to vacate as of June 10, 1963, from the defendant’s agent; that prior to March 1, 1963, the plaintiff leased said premises from the owner, Meyer Gordon, for a term ending October 1, 1964, and “ terminate in the event of condemnation or in the event of the sale of the premises in lieu of condemnation” (emphasis supplied); that the plaintiff will be irrevocably injured and deprived ‘ ‘ forever of his rights to be compensated as provided by law,” for damage to his *391 fixtures on said premises; wherefore he seeks a permanent injunction.
The facts are admitted. The defendant became owner of said premises by a deed from Meyer Gordon duly recorded on February 28, 1963, in lieu of condemnation proceedings. (Emphasis supplied.) These premises are included in the block bounded by Court, Pearl and Franklin Streets, as part of a civic improvement to provide off-street parking. The plaintiff’s lease from Meyer Gordon, dated September 28, 1961, provided, in paragraph 7: “ In the event the premises are appropriated or taken by virtue of condemnation proceedings and/or private purchase by agreement in lieu thereof, or in connection therewith, the Tenant shall not, under any circumstances, share in any award for or in any proceeds of said condemnation or settlement thereof, or private purchase in lieu of or in connection with said condemnation, relating to said premises, including the within leasehold, and the Tenant hereby waives any claim and shall have no claim for damages by reason thereof. This lease, in any event, shall terminate and cease when the municipality or other appropriate governmental or condemning agency shall enter upon and take possession of the within premises. The Landlord shall notify the Tenant at 117 Franklin St. of the preliminary order of condemnation or of the making of any agreement for the private purchase of said premises in lieu of or in connection with said condemnation, within ten (10) days after the Landlord receives notice of either of such latter events. ’ ’
On July 10, 1962, Meyer Gordon notified the plaintiff in writing that the defendant was given an option to purchase the premises in lieu of condemnation. On February 28,1963, Meyer Gordon notified the plaintiff in writing that on that date the premises were deeded to the defendant in lieu of condemnation and the lease was terminated. Thereafter, the defendant took possession of the premises and orally agreed that the plaintiff continue to occupy the premises at the sufferenee of the defendant and at a reduced rental of $150 per month, instead of $300 as provided in the Gordon lease, during the months of March, April and May, 1963.
On June 4, 1963, the defendant duly awarded a contract to the Siegfried Construction Company for $1,339,200 to demolish the properties on said block and construct parking facilities; the approval of this contract is on the agenda for action by the Common Council of the defendant at its meeting on June 11, 1963.
*392 On May 10, 1963, the defendant served a written notice on the plaintiff that his tenancy is terminated as of June 9, 1963 and to vacate hy 8:00 a.m., of June 10,1963.
On May 28, 1963, the plaintiff served on the defendant a notice of claim for $12,170.60 because of loss of value of fixtures occasioned by the said sale of the premises to the defendant in lieu of condemnation.
The defendant has issued bonds in excess of $3,000,000 for the construction of this project and is obligated to pay interest thereon.
Section 877 of the Civil Practice Act, entitled ‘ ‘ Injunction, when the right thereto depends upon the nature of the action ”, provides, as follows: 11 Where it appears from the complaint that the plaintiff demands and is entitled to a judgment against the defendant restraining the commission or continuance of an act, the commission or continuance of which during the pendency of the action would produce injury to the plaintiff, an injunction order may be granted to restrain it. The case provided for in this section is described in this act as a case where the right to an injunction depends upon the nature of the action.”
The essential allegations of such a complaint are: (1) Appropriate and sufficient facts must show that the plaintiff will suffer imminent and irreparable injury, unless the injunction is granted; (2) the plaintiff will suffer substantial damages, unless the injunction is granted; and (3) the plaintiff has no adequate remedy at law. (Wick v. Crane Co., 141 Misc. 31, 33-34; Gibbons v. Hoffman, 203 Misc. 26, 28.) Sufficient facts must be alleged showing imminent and irreparable injury, not merely eonclusory statements thereof. (Niagara Falls Power Co. v. White, 292 N. Y. 472, 481.)
Here, the Said first and third essential allegations are missing from the complaint. Therefore, since the complaint is insufficient, this motion necessarily falls.
The rights of the plaintiff as lessee of the land owned by the lessor are held, as all property of citizens is held, subject to the exercise of the power of eminent domain by the sovereign State of New York. (Dolman v. United States Trust Co., 2 N Y 2d 110, 114.) An appropriation of land by the State, unless qualified when made, is an appropriation of all that is annexed to the land, whether classified as buildings or as fixtures, and the value of the fixtures must be included in determining the total value of property so appropriated; the condemnor is obliged to pay for them on the basis that they are part of the real property appropriated, but, as between the owner and his tenants, they are the property of the tenant who has retained *393 the right to remove them without causing substantial injury to the freehold. (Marraro v. State of New York, 12 N Y 2d 285, 292-293.)
Here, the plaintiff lessee attorned to the defendant landlord. A new tenancy at sufferance between them arose orally. No right to remove fixtures, as such, was retained by the plaintiff.
‘1 Estates in real property are divided into estates of inheritance, estates for life, estates for years, estates at will, and by sufferance.” (Beal Property Law, § 30.)
‘ ‘ A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days given in behalf of the landlord, to the tenant, requiring him to remove from the premises ” (B.eal Property Law, § 228).
Here, sufficient, timely written notice was served upon the plaintiff by the defendant, requiring the plaintiff to vacate by 8:00 a.m., of June 10,1963. Therefore, the plaintiff is presently a trespasser upon the premises.
The plaintiff’s original lease obtained from Meyer Gordon, his former lessor, provided fully for this eventuality, namely, a sale of the premises in lieu of condemnation which terminated that lease. Either the plaintiff’s alleged fixtures became annexed to the freehold when purchased by the defendant from Gordon who has been paid therefor; or, they remained personalty. In the former event, the plaintiff may look to his first lessor, Meyer Gordon, for possible redress, if any; in the latter, he may take his movables with him upon vacating the premises. In no event is the plaintiff entitled to the relief he seeks in tbis motion for a temporary injunction.
In Schneider v. City of Rochester (160 N. Y. 165, 170), “ [t]he first and practically the only question relating to the merits of this controversy is whether, in the proceeding for the condemnation of the plaintiff’s property, the common council of the defendant had authority under its charter” to act, and therefore, it does not apply to this motion.
Here, the defendant purchased .this real property in lieu of condemnation, which it had power to do (Charter of City of Buffalo, art. 2, “ Powers of the City ”, § 10, “ General powers ” and art. 21, “ Condemnation Proceedings ”; Local Laws, 1927, No. 4, of City of Buffalo, as amd.).
Motion denied, without costs.