■ GARDINER MANUFACTURING COMPANY, INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 51090.) — Order unanimously affirmed, without costs. Memorandum: In 1911 the State of New York eliminated the grade crossing of Van Rensselaer Street (a city street) over the tracks of the Erie-Lackawanna Railroad in the City of Buffalo by constructing an overpass. Thereafter claimant, an adjoining owner, constructed a building abutting the overpass in such manner that its main customer entrance was from the Van Rensselaer Viaduct into its second floor offices. Upon the petition of the City of Buffalo the Public Service Commission in 1965 ordered the demolition of this Van Rensselaer Street overpass and restoration of the crossing at grade; and in 1968 the State, through a contractor, effected such demolition. Asserting that this work caused direct and consequential damages to it because it had to make substantial alterations of its building in order for customers to enter, claimant filed damage claims against both the City of Buffalo and the State of New York. By agreement with the city, the claim against it was held in abeyance while claimant pursued its claim herein against the State. Claimant appeals from the order of the Court of Claims dismissing its claim. The Trial Judge wrote, "Reference to whether the Grade Crossing Elimination Act (Page 11 of claimant's brief) is applicable seems academic in that the cause of action set forth in this claim is not founded upon this Act." Claimant's reference was to section 6 of the Grade Crossing Elimination Act contained in the Railroad and Transportation Law (L. 1928, ch. 678, as amd.) and transferred to the Transportation Law (§ 228, subd. 18), wherein the State assumed liability in the first instance for damages caused by grade crossing eliminations. Although claimant's claim did not specify reliance on that section, the court should not for that reason have refused to consider it. In *Niagara Falls Power Co.* v. *White* (292 N. Y. 472, 480) the court said and held: " The opinions in both courts below show that plaintiff advanced this theory as soon as the complaint was challenged. Nor is it of importance that plaintiff has failed to use the language of article 15 or, indeed, to refer to that article. When a cause of action is authorized by such a public statute, the complaint is good if it substantially shows forth the real essentials necessary for a recovery. (*McHarg* v. *Eastman*, 35 How. Pr. 205; see *Condon* v. *Associated Hospital Service*, 287 N. Y. 411, 414.) " Assuming that the claim also rests upon section 6 of the Grade Crossing Elimination Act, we nevertheless affirm the order of trial court because the claim is still insufficient in law. That act renders the State liable only for damages arising from grade crossing eliminations. It cannot be extended to create State liability for damages caused by acts not incidental to such eliminations (see *Matter of Grade Crossings* [*Lehigh Val. R. R. Co.*], 264 N. Y. 195, 202; *Matter of Grade Crossings of N. Y. Cent. R. R. Co.* [*Buffalo*], 271 App. Div. 266, 276–278, app. dsmd., 297 N. Y. 246). · (Appeal from order of Court of Claims dismissing claim for damages for demolition.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.