Edward S. Conway, J.
This is a petition under CPLR article 78 for an order: (1) declaring that the order of respondent Klein issued on October 17, 1975 was improper and in violation of the regulations of the Public Employment Relations Board (PERB); (2) declaring that the failure of PERB to require its Director of Public Employment Practices and Representation to make a determination that the petition filed with it included a 30% showing of interest was erroneous as a matter of law; (3) declaring that respondents be enjoined from ordering any election pursuant to section 207 of the Civil Service Law not in accordance with their lawfully promulgated rules of procedure; and (4) declaring that respondent PERB shall pay to the petitioner the sum of $250,000 in actual damages.
The respondents cross-move to dismiss the petition as a matter of law on the grounds: (1) the court lacks jurisdiction of the subject matter and of the respondents; (2) the petition fails to state a cause of action for injunctive or declaratory relief or for monetary damages; and (3) the petition is barred by the provisions of CPLR 217.
On August 29, 1975, an organization known as the Public Employees Federation (hereinafter referred to as PEF), a federation of unions, filed a request with respondents seeking to be certified as the representative of State employees of the Professional, Scientific and Technical Services Unit. On October 17, 1975, respondent Paul E. Klein, Acting as Director of Public Employment Practices and Representation, notified *489 PEF and petitioner that PEF demonstrated that there was a "substantial showing of interest” in support of its petition for certification of PEF as the union representative, and that he was therefore ordering an election to be held pursuant to the provisions of the Civil Service Law and the rules of the Public Employment Relations Board. Petitioner thereafter requested that the respondent reverse the order (to hold an election) upon the ground that PEF had not shown that 30% of the employees had indicated interest in such an election as is required by the rules. PERB declined to review the decision of the director. Two elections were then held. As a result of the second election, petitioner CSEA was certified as the exclusive representative of the employees in question (Professional, Scientific and Technical Services Unit).
Petitioner is alleging in its petition that the respondents arbitrarily required the election although PEF did not meet the 30% requirement of the rules and alleges that it was therefore illegally required to expend in excess of $250,000 in advertising, staffing, mailing and publication costs with regard to the election.
The petition, stripped of the excess verbiage contained in the pleading, is nothing more than a claim against the State of New York for $250,000 in damages, and as such, it must be brought in the Court of Claims (Court of Claims Act, §§ 8, 9; Psaty v Duryea, 306 NY 413; Niagara Falls Power Co. v White, 292 NY 472).
The cross motion of respondents is therefore granted, and the petition is dismissed.