## ALLEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

MUNICIPAL CORPORATIONS (§ 220*)—ACTION FOR SALARY—CIVIL SERVICE EMPLOYÉS—RIGHT TO MAINTAIN ACTION.

Since the city of New York can only pay a claim for salary as a member of the classified civil service on a duly authenticated pay roll from a proper department of the city government, as required by Greater New York Charter (Laws 1901, c. 466) § 149, and after the pay roll has been certified to by the civil service commissioner as provided by Civil Service Law (Consol. Laws, c. 7) § 20, such employé cannot maintain an action against the city for an increase of salary, where the civil service commission refused to recognize the increase as legal; the propriety of the decision of a civil service commission not being reviewable in such an action against the city.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

Appeal from Special Term, Kings County.

Action by Robert L. Allen against the City of New York. From an order overruling a demurrer to the complaint and directing judgment for plaintiff, and from the final judgment for plaintiff, defendant appeals. Reversed, and judgment directed dismissing the complaint.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

James D. Bell, of Brooklyn (Charles J. Druhan, of Brooklyn, on the brief), for appellant.

Gustav Gunkel, of New York City, for respondent.

CARR, J. The defendant appeals from an order of the Special Term that overruled its demurrer to the complaint in this action and directed entry of final judgment in favor of the plaintiff, and likewise from the final judgment so entered. The plaintiff sues to recover certain amounts as salary or compensation accruing to him as a member of the classified civil service of the city of New York. This position, classified as an "assistant engineer," had been graded by the municipal civil service commission pursuant to the directions of the Civil Service Law (chapter 15 of the Laws of 1909 [Consol. Laws, c. 7]). He claims that he is entitled to an annual compensation of $2,700, while he has been paid in fact an annual compensation of but $2,250. In his complaint he sets up various facts in support of his claim for the larger amount, and he shows that he has been paid by the comptroller on monthly pay rolls based upon the lesser amount, and that he has receipted for such payments under protest. Assuming that he is right in his contention as to the lawful amount of the annual salary to which he is entitled, yet he cannot maintain an action against the city of New York unless his complaint shows a legal default on the part of the city

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in not making payment. The city can pay the plaintiff's claim only in the manner authorized by statute (Greater New York Charter [Laws 1901, c. 466] § 149), that is, on a duly authenticated pay roll from the department of the city government in which the plaintiff is employed. But even on such a pay roll its disbursing officer cannot make payment unless the pay roll contains a certificate of the municipal civil service commissioner as provided in section 20 of the Civil Service Law. The plaintiff does not claim that any pay roll for his salary in the amount he claims was ever certified to the comptroller by the civil service commission, or even that such a pay roll was ever transmitted to that body by the president of the borough of Brooklyn, who is his superior officer. His complaint shows that the borough president notified the civil service commission that he had raised the plaintiff's salary to $2,700 per annum, but that body immediately refused to recognize this increase in salary as legal, and protested that it was in violation of section 16 of the Civil Service Law, in that the increase in salary was beyond the limit of salary payable to the classified grade of position then held by the plaintiff, and was therefore in fact a promotion, which required a competitive examination for its attainment. The complaint then shows that the borough president immediately rescinded his action in making an attempted increase of the plaintiff's salary. The whole object of the plaintiff's present suit is to review the propriety of the decision of the civil service commission. This cannot be done by an action against the city. The civil service commissioners are not the agents of the city.

"Although the members of the municipal civil service commission are local officers, they act, not for the municipality, but for the public in carrying out the provisions of the State Civil Service Law. They are not the servants of the municipality." Slavin v. McGuire, 205 N. Y. 84, 87, 98 N. E. 405, 406 (Ann. Cas. 1913C, 881).

The city by its disbursing officer can make no legal payment to the plaintiff without the certificate of the civil service commissioners; hence, without such certificate, it cannot be said to be in default, in order to support the maintenance of an action on the plaintiff's claim. His remedy is by mandamus, which is expressly granted by section 20 of the Civil Service Law. Hence his complaint states no cause of action, and the defendant's demurrer should have been sustained. This conclusion is unavoidable whatever be the merit of the plaintiff's contention as to the alleged increase in his salary. The record before us does not set forth many of the important facts which both parties discuss in their respective briefs on this appeal, and therefore we refrain from expressing opinion on any question not presented to us by this record.

The order overruling the demurrer, and the final judgment entered thereon, should be reversed, with costs, and the demurrer should be sustained, and final judgment directed for the defendant dismissing the complaint, with costs. All concur.