(90 Misc. Rep. 309)

LYNCH v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

MANDAMUS ⊂⇒75—MUNICIPAL CORPORATIONS ⊂⇒220—AGENT—SALARIES.

    Under Civil Service Law (Consol. Laws, c. 7) § 20, as amended, providing that it shall be unlawful for any fiscal officer of the city to issue any warrant for the payment of salaries, unless a pay roll for such salary, containing the name of the person to be paid, shall bear the certificate of the municipal civil service commission, recovery cannot be had by a civil service employé against the city of New York before the municipal civil service commission has placed his name on the pay roll, such commission not being the agent of the city; hence, where plaintiff's name was omitted, he must compel the commission to place his name on the pay roll by mandamus.

    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. ⊂⇒75; Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. ⊂⇒220.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frank J. Lynch against the City of New York. From a judgment for plaintiff, rendered by the court after trial without a jury, and defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Frank L. Polk, Corp. Counsel, of New York City (E. Crosby Kindleberger and Terence Farley, both of New York City, of counsel), for appellant.

Alfred J. Talley, of New York City, for respondent.

PENDLETON, J. The action is brought by plaintiff against the city of New York to recover salary as secretary to the commissioner of the department of bridges for the months of March and April, 1914. Plaintiff's complaint alleged his appointment and the performance of

services for the period in question. This latter the defendant denied, and as affirmative defenses alleged that the plaintiff had resigned, and his resignation had been accepted, to take effect February 28, 1914; that plaintiff's name was not on any pay roll, certified by the municipal civil service commission, for the months in question; and that he had not obtained any writ of mandamus or other order directing that his name be certified by the commission.

The question as to whether the fact that plaintiff's name did not appear to be on a pay roll certified by the municipal civil service commission is a good defense has been expressly passed upon in Allen v. City of New York, 160 App. Div. 534, 145 N. Y. Supp. 1022, appeal dismissed 213 N. Y. 698, 107 N. E. 1073. It was there held that a claim for salary can only be paid by the city on pay rolls containing a certificate of the municipal civil service commission, as provided in section 20 of the Civil Service Law as amended; that the civil service commissioners are not the agents or servants of the city. It is not therefore responsible for their acts or omissions, until they have acted the city cannot pay, and that the remedy of an employé, where they have failed to certify, is by mandamus to compel them to do so, and the demurrer to plaintiff's complaint in an action against the city for salary was sustained for failure of the complaint to allege the existence of such a certified pay roll. In none of the cases cited by respondent was this question raised.

In view of the above, it is unnecessary to consider the other questions discussed in the briefs.

Judgment reversed, with costs, and judgment directed for defendant, dismissing the complaint, with costs. All concur.