In the Matter of the Application of GUY M. BAILEY (and Others Similarly Situated), Petitioners, for an Order against PAUL J. KERN, President, and Others, Members Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, January 16, 1942.

*Samuel M. Ostroff*, for the petitioners.

*William C. Chanler*, Corporation Counsel [*Jeremiah M. Evarts* of counsel], for the respondents.

PECORA, J. The petitioners were on an eligible list for appointment to the position of fireman in the fire department of the city of New York, which was promulgated by the respondents, constituting the municipal civil service commission of the city of New York, on December 14, 1937.

The petitioners allege that there are 251 or more vacancies now existing in the fire department for the position of fireman; that the eligible list is about to expire (it actually expired prior to the submission of this motion, under the statutory rule which gives four years of life to such lists); and that respondents have issued and are about to promulgate a new eligible list containing 2,507 names.

They make this application, under article 78 of the Civil Practice Act, for an order (1) directing the respondents to fill the vacancies now claimed to exist from the present list; (2) staying respondents from promulgating a new list, or making any appointments therefrom, until said vacancies are filled from the present list.

The respondents make a cross-motion to dismiss the petition on the ground that it fails to state a cause of action.

The municipal civil service commission has no power to make the appointments sought by petitioners. It may merely certify eligibles for appointment to the fire commissioner, who has the power to make appointments when and if that officer decides to fill existing vacancies. To the extent, therefore, that petitioners ask for an order directing their appointment, the petition is defective in that the fire commissioner has not been made a party.

Aside, however, from that defect, this court has no power to direct the head of a municipal department to appoint eligibles to fill any existing vacancy. The determination of such matters as the time when vacancies should be filled, and the number which should be filled, must rest in the discretion of the appointing officer. (*Matter of Turel* v. *Delaney*, 287 N. Y. 15.)

The petitioners did not possess a vested right to appointment by reason of the fact that their names were upon an eligible list. Their only right, as long as their eligible list remained in force, was to insist that no appointments be made to vacant positions except from that list. (*Hurley* v. *Board of Education of City of New York*, 270 N. Y. 275, 279.)

It follows from the foregoing that the petitioners are not entitled to the relief sought. As the expiration date of the eligible list

containing petitioners' names drew near, the respondents properly issued a new list to fill any vacancies to which appointments might be made after the expiration of the former list, and they may lawfully promulgate it upon that expiration.

The motion to compel the respondents to appoint firemen from the existing list and to stay respondents from promulgating any other list until existing vacancies shall have been filled from the list containing petitioners' names is accordingly denied. The cross-motion to dismiss the petition for failure to state a cause of action is granted.