LOUIS J. MARASCO, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 26153.)

Court of Claims, November 1, 1943.

*Christopher H. D'Amanda* for claimant.

*John J. Bennett, Jr., Attorney-General* (*William Manning* of counsel), and *Nathaniel L. Goldstein, Successor Attorney-General* (*Arthur W. Mattson* and *Marvin P. Lazarus* of counsel), for defendant.

DYE, J. The claimant, a civil service employee, is seeking the difference between the amount of wages paid and the amount he claims to be due him for a period commencing November 1, 1938, the effective date of his provisional appointment as steward at the State School at Industry, N. Y., and October 11, 1940, the effective date of his dismissal.

In addition to the salary claim, the claimant also seeks the cash equivalent of the difference between full family maintenance allowance and the maintenance actually received; certain monthly increases for time service (L. 1930, ch. 685, § 1; as amd. by L. 1939, ch. 909; all repealed by L. 1942, ch. 457); certain sums for alleged overtime service, and also the cash equivalent for accumulated vacation periods not taken.

It appears that the superintendent of the State School at Industry, N. Y., an institution whose employees come under the Civil Service Law and the Rules and the Regulations of the Civil Service Commission, had provisionally appointed the claimant to the vacant position of steward, agreeing to pay him a salary of $2,200 per annum, plus full family maintenance. The Civil Service Commission refused to certify his payroll at more than $2,136 per annum, which was the maximum amount of salary payable to claimant under his grade and classification (Rules for Classified Civil Service, rules VII, XIV).

The validity of the claim hinges on the correctness of the original salary certification. To determine this will amount to a review by this court of the proceedings of the Civil Service Commission, and this we cannot do.

The Court of Claims possesses only such jurisdiction as is conferred upon it by the Legislature. Had the Legislature intended to permit a review of the decisions of the Civil Service Commission by this court, it could have so provided, just as it did in the case of the State Tax Commission (Tax Law, § 280). The Legislature is not unmindful of the fact that civil service employees from time to time may be aggrieved by the rulings of the Civil Service Commission, and, in anticipation of such event, has provided that when the Commission refuses a salary certification to which the employee believes he is entitled, he is authorized to maintain a proceeding by mandamus to compel the Commission to issue such certification. (Civil Service Law, § 20.) Mandamus has been recognized as the proper remedy (*Allen* v. *City of New York,* 160 App. Div. 534), and this is so even though the petitioner does not succeed in his demands (*Matter of Flaherty* v. *Craig,* 226 N. Y. 76; *Matter of Nagelberg* v. *Finegan,* 267 N. Y. 632; *Hilton* v. *Cram,* 112 App. Div. 35, affd. 190 N. Y. 535), but here no authority has been shown conferring jurisdiction on the Court of Claims to hear, audit and determine claims of this character.

The general waiver of immunity (Court of Claims Act, § 8; L. 1939, ch. 860; formerly L. 1920, ch. 922, § 12), although subsequently adopted, cannot be construed as an amendment,

modification or repeal of the provisions of section 20 of the Civil Service Law. Even where overtime is indicated as a matter of right and justice, the Court of Claims cannot take jurisdiction in the absence of express statutory authority, (*McMahon* v. *State,* 178 Misc. 865), but where, in a given case, the Legislature recognizes that the claim is founded in equity and justice, and involves a moral obligation of the State, without contravening any of the constitutional limitations upon its powers, it can and frequently does adopt enabling acts conferring special jurisdiction on the Court of Claims to hear, audit and determine private claims against the State. (*Williamsburg Savings Bank* v. *State,* 243 N. Y. 231; *Farrington* v. *State,* 248 N. Y. 112.)

It necessarily follows that the court likewise has no jurisdiction of the counterclaim interposed by the State herein.

Motion to dismiss is granted, without prejudice.