In the Matter of EDWARD D. STANNARD et al., as Executors of CAROLINE C. WELLS, Deceased, Petitioners, against ROLLIN BROWNE et al., Constituting the Tax Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, January 31, 1946.

*Martin J. Birmingham* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Mortimer M. Kassell, Special Assistant Attorney-General,* of counsel), for respondents.

ELSWORTH, J. This is a proceeding instituted pursuant to article 78 of the Civil Practice Act. The petitioners seek an order requiring the State Tax Commission and the State Comptroller to refund part of an estate tax payment made in advance of an order fixing the tax.

The respondents have applied, pursuant to the provisions of section 1293 of the Civil Practice Act, for an order dismissing the petition as a matter of law.

The decedent died on July 2, 1939. On December 20, 1939, before the entry of any taxing order, the petitioners as her executors, paid the sum of $6,000 on account of estate tax under article 10-C of the Tax Law. Such payment was made for the purpose of obtaining the 5% discount provided for in section 249-z of the Tax Law, when payment is made within six months after decedent's death. Subsequently, pursuant to provisions of section 249-v of the Tax Law, the executors filed their estate tax return with the appraiser appointed under section 249-u thereof. The appraiser thereupon made his report to the Surrogate of Putnam County in accordance with said section 249-v. Upon such report, pursuant to provisions of section 249-w of the Tax Law, the Surrogate entered a taxing order on January 6, 1941. The amount of the estate tax as fixed by said order was the sum of $4,505.48.

On October 9, 1942, the petitioners by letter made application to the State Tax Commission for a refund of $1,719.79. This was approximately twenty-two months after the taxing order above referred to had been entered by the Surrogate of Putnam County. On October 14, 1942, the petitioners were advised by the Tax Commission of their duty under section 249-w of the Tax Law to file a copy of the final determination in the Federal estate tax proceeding. This was filed by the petitioners on March 1, 1943, and showed that no additional tax was due under the next to the last paragraph of section 249-n of the Tax Law, which imposes an additional New York State tax designed to pick up the full amount of the credit allowable to the estate against the Federal estate tax. In filing a copy of the Federal determination, the petitioners repeated their request for a refund and were advised by the Tax Commission on March 26, 1943, that no refund could be made because no application therefor had been filed within one year after the entry of the taxing order.

On May 29, 1944, a modification of the taxing order of January 6, 1941, was granted by the Surrogate of Putnam County. The modification appears to be unrelated to any question of liability for additional tax, designed to absorb the credit allowed against the Federal tax. It was sought by the executors because of the failure to list two claims against the estate in their tax return. One of these claims was a note executed by the decedent during her life, and the other was a liability of decedent for a Federal gift tax on account of a gift made by her during her lifetime. The order of May 29, 1944, modified the taxing order by allowing additional deductions from the gross estate on account of the

two aforesaid items, and reduced the amount of tax to $4,293.72. Following such modification, the petitioners in September, 1944, made demand for a refund in the amount of $1,920.96. Such demand was refused by the State Commission upon the ground that the taxing order had not been modified within two years of its entry. This proceeding was then brought by the petitioners to compel a refund in the said amount of $1,920.96.

The authority to compel a refund herein, if such authority exists, would be found in the provisions of section 249-aa of the Tax Law. That section, so far as pertinent, reads as follows:

" If after the payment of any tax in pursuance of an order fixing such tax, made by the surrogate having jurisdiction, such order be modified or reversed by the surrogate having jurisdiction within two years from and after the date of entry of the order fixing the tax, or be modified or reversed at any time on an appeal taken therefrom within the time allowed by law on due notice to the tax commission, the tax commission with the approval of the comptroller shall refund to the executor the amount of any moneys paid or deposited on account of such tax in excess of the amount of the tax fixed by the order modified or reversed, out of the funds in the custody of the comptroller to the credit of such taxes; but no application for such refund shall be made after one year from such reversal or modification, unless an appeal shall be taken therefrom    *    *    *.

" Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid, the tax commission, with the approval of the comptroller, shall refund to the persons entitled thereto the amount so paid in excess of the amount of tax fixed by the taxing order, out of funds in the custody of the comptroller to the credit of such taxes, provided application for such refund be filed with the tax commission within one year from the entry of such taxing order."

It appears that the relief here sought by the petitioners is not authorized under the first paragraph of section 249-aa of the Tax Law above quoted for the two following reasons — (1) the tax in question was not paid " in pursuance of an order fixing such tax." The clear and reasonable interpretation of the language used indicates the paragraph's application solely to payment made " following after or following out " the making of the order (Funk and Wagnalls New Standard Dictionary). Then, too, the advance payment of tax had no statutory recognition until sections 249-aa and 225 of the Tax Law were amended

by adding to each the language of the second paragraph above quoted (*Matter of Dee* v. *State Tax Comm.,* 257 App. Div. 531, 534, affd. 282 N. Y. 617). (2) Even assuming, contrary to my above holding, that the advance payment came within the purview of the first paragraph, modification did not take place " within two years " after the entry of the order fixing the tax.

If the petitioners are to succeed herein, it must be then under the provisions of the second paragraph of section 249-aa of the Tax Law. It is the contention of the petitioners that the taxing order referred to in the statute, from the entry of which the one-year limitation runs, is the order which finally and definitely fixes the tax, whether such order is the *pro forma* order entered by the Surrogate or a modification thereof. Accordingly, they assert that the statute has been complied with and the refund should be paid because their claim was made within one year from May 29, 1944, the date of the modified order.

" As a general principle the court is obliged to construe taxing statutes most favorably to the taxpayer " (*Matter of Brown,* 172 Misc. 413, 414). It has also been held, however, that " if the language is unambiguous, the words plain and clear * * * there is no occasion to resort to other means of interpretation " (*Settle* v. *Van Evrea,* 49 N. Y. 280, 281). I can find nothing ambiguous in the wording of the paragraph here under consideration. " Its words and meaning on its face seem clear. The idea of the Legislature is not in doubt and its meaning and effect cannot be extended by conjecture or implication." (*Town of Putnam Valley* v. *Slutzky,* 283 N. Y. 334, 343.) The contention of the petitioners is not sustained and it is held that the taxing order referred to in said second paragraph of section 249-aa of the Tax Law means the original taxing order. This view is supported by the opinion in *Matter of Dee* v. *State Tax Comm.* (*supra,* p. 534). Therein, the court speaking of the identical provision contained in section 225 of the Tax Law said: " In case of overpayment the only requirement is that the application for the refund should be made within one year after the entry of *the* taxing order." (Emphasis supplied.)

In *Matter of Dee* v. *State Tax Comm.* (*supra,* p. 535), where, as in this case, it was conceded that the State held moneys in excess of the amount of the tax, the court said: " The retention of this sum by the State seems to us to be unconscionable." Here, however, the State Tax Commission is without authority to disregard the statutory requirement that an application for

a refund must be filed within one year from the entry of the taxing order. The language of the statute precludes me from supplying that authority. Such conclusion is reluctantly reached.

The application of the respondents for an order dismissing the petition herein is granted, without costs.

Submit order.