MILTON REISER, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30040.)

Court of Claims, July 24, 1950.

*Nathaniel L. Goldstein, Attorney-General (Marvin P. Lazarus* of counsel), for defendant.

*Jack Goodman* for claimant.

LOUNSBERRY, P. J. This is a motion by the State to dismiss the above-entitled claim on the ground that it fails to state facts sufficient to constitute a cause of action. The claim, which was prepared and filed by the claimant without benefit of counsel, does not adequately set forth the facts upon which it is based, and it has been necessary to glean additional information from the affidavit and the brief submitted by the State in support of the motion. This is technically irregular, of course, but the claimant, who was represented by counsel upon the argument of the motion, has not in any way disputed the statements of fact made by the State.

It appears that on October 6, 1945, the claimant took and passed a civil service examination for a position in the State service and was duly placed on the eligible list, which was established as of November 1, 1945. Subsequently, three of the persons on such list received permanent appointments, leaving the claimant and one other still remaining. On April 1, 1946, a new position in the Conservation Department, for which the list was appropriate, was created, and in July such position was temporarily filled by means of a provisional appointment. The list was certified by the Civil Service Commission

to the Conservation Department in August, and the claimant and the other person on the list were canvassed. The claimant indicated that he would accept appointment, while the other declined, but the claimant was never appointed. In December of 1946, a new examination was held which failed to produce an eligible list. The existing list containing the claimant's name expired by operation of law November 1, 1949. Meanwhile, the position continued to be filled by a provisional appointee.

After the expiration of the list, the claimant brought this action to recover the salary which he might have received during the four years in which the list existed, had he received the appointment to which he contends he was entitled.

We are of the opinion, first, that the claimant is in the wrong forum. It is well established that the proper remedy for a person who has been wrongfully excluded from or removed from public office is a proceeding against a body or officer, under article 78 of the Civil Practice Act. (10 Carmody on New York Practice, §§ 563-568.) Such a proceeding must be instituted in Supreme Court. Its primary object is to establish the claimant's right, if any, to appointment or reinstatement. Secondarily, he may also recover, in an appropriate case, any damages which he may have sustained by reason of any wrongful act or omission upon the part of the State (Civ. Prac. Act, § 1300).

The claimant did not have a vested right to employment simply because his name appeared on an eligible list. His only right, if any, was to insist that no appointments be made except from the eligible list. (*Hurley* v. *Board of Education*, 270 N. Y. 275; *Matter of Bailey* v. *Kern*, 177 Misc. 904.) For such purpose, his remedy, if any, was clearly under article 78 of the Civil Practice Act.

In *Marasco* v. *State of New York* (182 Misc. 505) a civil service employee brought action in this court for wages claimed to be due and which the Civil Service Commission had refused to certify. The validity of the claim obviously hinged on the correctness of the determination by the commission. We there held that this court has no jurisdiction to review such a determination, and that the correct remedy was by a proceeding in the nature of a mandamus. In the present case, the validity of the claim necessarily hinges on the correctness of the action taken by the Conservation Department and also on the correctness of the action taken by the Civil Service Commission in

scheduling a new examination and in apparently certifying the salary of the provisional appointee. For the same reasons stated in the *Marasco* case, we have no jurisdiction to determine these matters, and consequently we cannot determine the validity of the claim.

Further, we are of the opinion that the claimant has not stated a cause of action. His case does not come within the provisions of section 23 of the Civil Service Law, which provides for payment of back salary to an employee who had been wrongfully removed from office and restored thereto by order of the Supreme Court, since the claimant never was an employee and, of course, has not been restored to any position by order of any court. We must resort, therefore, to the common-law rules, and we find that it was thoroughly established by the decision in *Martin* v. *City of New York* (176 N. Y. 371) that an employee who has been wrongfully removed from office and whose salary has been paid to a *de facto* employee who performed the same services cannot recover his salary from the municipality (or, by the same token, from the State), but must bring his action against the *de facto* employee. The basis of such decision is the long-established public policy that the government cannot be compelled to pay twice for the same services. The same rule was enunciated and enforced in *Matter of Barmonde* v. *Kaplan* (266 N. Y. 214).

We further observe that under subdivision 8 of section 14 of the Civil Service Law, and under rule VIII of the Rules for the Classified Civil Service, as promulgated by the Civil Service Commission under the authority of the Civil Service Law, an appointing authority is obliged only to appoint one of the three persons who are willing to accept and are graded highest on the eligible list. Where this contains less than three names, the appointing officer may instead make a provisional appointment pending a new examination, or, in certain cases, subject to the approval of the commission, may make a noncompetitive appointment. We see nothing in the statute or in the rules which would compel the appointment of the claimant. In any event, it has been held that a court has no power to direct the appointment of any particular eligible person, this being a matter within the discretion of the appointing authority (*Matter of Thurel* v. *Delaney*, 287 N. Y. 15).

For the various reasons above set forth, the motion to dismiss the claim is granted.

Submit order accordingly.