JOHN K. GURNEY, as Executor of THOMAS N. GURNEY, Deceased, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31119.)

Court of Claims, April 9, 1952.

*Nathaniel L. Goldstein, Attorney-General (Douglas L. Manley* of counsel), for defendant.

*Julian A. Gregory* and *Burton H. Brody* for claimant.

SYLVESTER, J. This motion raises the question of the sufficiency of the claim. It is urged also that claimant's sole remedy is by way of an article 78 proceeding in another forum.

On July 26, 1948, Surrogate HOWELL of Nassau County made an order fixing tax in the sum of $9,143.79 in the estate of Thomas N. Gurney, deceased, of which claimant is the executor. Prior thereto, on August 6, 1947, claimant deposited with the New York State Tax Commission the sum of $10,000 in payment of the tax, so as to obtain the 5% discount (Tax Law, § 249-z). Demand for the return of the excess was first made by the claimant in November of 1949. Payment was refused because the demand for refund was not made within one year from the date of the order as required by statute (Tax Law, § 249-aa). Thereafter on July 25, 1951, Surrogate HOWELL, upon claimant's application, made an order amending the original order fixing tax which reduced the amount of the tax to $9,142.59. A new demand for refund was thereupon made in August, 1951, and

rejected by the Tax Commission. This claim was then filed on December 14, 1951.

It would seem that the appropriate remedy is by way of an article 78 proceeding to review the commission's determination, in the absence of statutory provision authorizing an action in this court (cf. Tax Law, § 280 [prior to 1946]; *Marasco* v. *State of New York,* 182 Misc. 505, and *Reiser* v. *State of New York,* 198 Misc. 647).

Moreover, section 249-aa of the Tax Law provides that the application for refund must be made within one year from the entry of the taxing order. That is held to mean one year from the date of the original order of July 26, 1948 (cf. *People ex rel. Bankers Trust Co.* v. *Graves,* 270 N. Y. 316), and not from the date of the modifying order of July 25, 1951 (*Matter of Stannard [Wells]* v. *Browne,* Sup. Ct., Albany Co., 1946, 2 C. C. H. State Tax Reporter, § 89–510.20).

Motion is therefore granted. Submit order.

In view of the conceded overpayment to the State, this case commends itself for consideration by the Legislature for relief by way of an enabling act.