In the Matter of GUARANTY TRUST COMPANY OF NEW YORK et al., as Executors of GUSTAV W. SCHROEDER, Deceased, Petitioners, against SPENCER E. BATES et al., Constituting the New York State Tax Commission, Respondents.

Supreme Court, Special Term, Albany County, July 17, 1952.

*Morris & McVeigh* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Mortimer M. Kassell* of counsel), for respondents.

BOOKSTEIN, J. On or about November 18, 1946, petitioners paid to the State Tax Commission the sum of $9,000 on account of the estimated estate tax on the decedent's estate in accordance with section 249-z of the Tax Law, which permits a discount for payment within six months of the death of decedent.

Subsequently and on September 8, 1947, a *pro forma* order was made and filed in the office of the Surrogate's Court of New York County, fixing the tax in the amount of $8,792.29. Crediting petitioners with a 5% discount for prepayment, left the net amount due to the State, $8,352.68, so that there has been an overpayment of the difference between that sum and the actual sum paid, to wit, $9,000, amounting to $647.32. It is that sum which petitioners seek to recover in this proceeding.

Appropriate United States estate tax proceedings were instituted to have the amount of the Federal tax fixed. Until the determination of the amount of that tax, there could be no determination of whether any additional tax would be due to the State of New York under section 249-n of the Tax Law, by reason of the maximum credit allowable to the estate against the United States estate tax.

On or about March 10, 1949, the amount of the Federal estate tax was finally fixed and it appeared from said determination that no estate tax was due to the State of New York, in excess of the amount fixed in the *pro forma* order aforesaid.

Accordingly, it is clear and not disputed that petitioners have overpaid the State of New York the sum of $647.32.

Thereafter and on March 16, 1949, for the first time, petitioners made a demand for a refund of the amount of the overpayment which was refused by respondents on the ground that the demand was not timely.

Thereafter and on or about September 14, 1949, petitioners instituted a proceeding for an order modifying the original *pro forma* order dated September 8, 1947, and for a supplemental determination, purportedly, under section 249-w of article 10-C of the Tax Law, of the amount of any additional tax due pursuant to section 249-n of the Tax Law, although, obviously no additional tax could be due by reason of the provisions of the next to last paragraph of section 249-n, in view of the determination already made by the Federal taxing authorities. On October 31, 1949, pursuant to the proceeding thus instituted, an order was entered in the office of the Surrogate's Court of New York County, purporting to amend and supplement the *pro forma* order of September 8, 1947, by adding thereto the following paragraph: " And it is further ordered, adjudged and decreed that there is no additional tax due the State of New York under Section 249-n of the Tax Law ".

An appeal was taken from that order and on or about August 3, 1950, an order was filed in the Surrogate's Court, denying said appeal. A copy of said order with notice of entry was served on respondents' attorney on August 9, 1950. Thereafter and on September 13, 1950, petitioners again demanded the refund and on or about February 13, 1952, it was refused.

The power of respondents to make a refund and of petitioners to obtain same, is dependent entirely on express legislative authority. (*People ex rel. Bankers Trust Co.* v. *Graves,* 270 N. Y. 316.) The only statutory authority for making refunds of overpayments of estate taxes is found in section 249-aa of the Tax Law.

That section authorizes refunds in two instances only. One of such instances is where the tax is paid before the entry of the taxing order, as was done in this case, and such order shows that the amount of tax due is less than the amount paid. That was the situation here. But that section also provides that the application for the refund must be made within one year of the entry of the taxing order and, concededly, in this case, such an application was not made. Hence, there is no statutory authority for respondents to make a refund, in such instance, after the expiration of the period fixed for making the application therefor. And the court has no power to require respondents to perform an act which the Legislature has not empowered it to perform.

Section 249-aa fixes a second instance in which a refund may be made. Such second instance is where the fact of over-

payment is established by modification or reversal of the taxing order and *such modification or reversal occurs within two years from the date of the taxing order.*

The parties are in serious conflict as to the effect of the order of October 31, 1949, filed in the Surrogate's Court of New York County.

Petitioners claim that it is such an order as is contemplated by the refund section of the Tax Law (§ 249-aa). Respondents claim it is not such an order at all but rather a supplemental order. However, in view of the conclusion reached, it is unnecessary to determine that question, since it was not made within two years of the original taxing order, made September 8, 1947, the supplemental or modifying order being made October 31, 1949. Since it was not made within the two-year period fixed by section 249-aa, there is no power in the respondents to make the refund in the second instance, authorizing refunds. And, of course, this court cannot compel the performance by them of an act which the Legislature has not empowered them to perform. It necessarily follows that, however sympathetic the court may be with the equity and justice of petitioners'·claim, it is without power to grant the relief sought. (See *Matter of Stannard* v. *Browne,* 2 C. C. H. State Tax Reporter, § 89-510.20, and *Gurney* v. *State of New York,* 201 Misc. 383.)

Petition dismissed, without costs.

Submit order.