In the Matter of ELLIS MONROE et al., as Executors of PAUL MONROE, Deceased, Petitioners, against SPENCER E. BATES et al., Constituting the New York State Tax Commission, Respondents.

Supreme Court, Special Term, Albany County, November 7, 1952.

*Warren C. Du Bois* for petitioners.

*Nathaniel L. Goldstein, Attorney-General (Mortimer M. Kassell, Special Assistant Attorney-General,* of counsel), for respondent.

SCHIRICK, J. This is an application for an order directing the State Tax Commission to certify to the Comptroller that the petitioners are entitled to a refund of an overpayment of an estate tax.

Paul Monroe, deceased, died on December 6, 1947. On June 5, 1948, the petitioners made a temporary payment of $950 on account of the estate tax in order to qualify for the discount permitted by section 249-z of the Tax Law. On March 7, 1949, a *pro forma* order was made by the Surrogate of Putnam County fixing the tax in the sum of $609.65. An additional tax could, in theory, still be assessed against the estate to absorb the full amount of the credit allowable against the United States estate tax. The final determination of the amount of such tax was made on January 23, 1952, from which it appeared that there was no unconsumed tax credit to be paid to the State of New York. Thereupon, the petitioners on January 29, 1952, applied to the respondents for a refund. This was rejected. The petitioners, thereupon, made application to the Surrogate's Court which resulted in an order dated April 21, 1952, modifying the previous *pro forma* order of March 7, 1949, so as to add the following provision: " And it is further ordered, adjudged and decreed that there is no additional tax due the State of New York under § 249-n of the Tax Law."

There followed a renewed request for refund, which was denied on August 20, 1952.

There is no issue as to the overpayment. The sole issue is whether a refund is barred by the Statute of Limitations.

Section 249-aa of the Tax Law reads as follows: " § 249-aa. Refund of tax erroneously paid. If after the payment of any tax in pursuance of an order fixing such tax, made by the surro-

gate having jurisdiction, such order be modified or reversed by the surrogate having jurisdiction within two years from and after the date of entry of the order fixing the tax, or be modified or reversed at any time on an appeal taken therefrom within the time allowed by law on due notice to the tax commission, the tax commission with the approval of the comptroller shall refund to the executor the amount of any moneys paid or deposited on account of such tax in excess of the amount of the tax fixed by the order modified or reversed, out of the funds in the custody of the comptroller to the credit of such taxes; but no application for such refund shall be made after one year from such reversal or modification, unless an appeal shall be taken therefrom * * *. Where it appears that a tax was paid before the entry of a taxing order and such order shows that the amount of tax due is less than the amount so paid, the tax commission, with the approval of the comptroller, shall refund to the persons entitled thereto the amount so paid in excess of the amount of tax fixed by the taxing order, out of funds in the custody of the comptroller to the credit of such taxes, provided application for such refund be filed with the tax commission within one year from the entry of such taxing order."

Since the tax was here paid before the entry of any taxing order, the case can come only under the second paragraph of the statute. Under the terms thereof the application must be made within one year from the entry of the taxing order. This the petitioners failed to do.

Realizing this, the petitioners attempt to bring themselves within the terms of the first paragraph of the statute relating to the modification or reversal of a taxing order. Whether we deem the order of April 21, 1952, to have been a supplemental order or a modified order, the fact remains that it was not entered within two years from the date of the original order. Such paragraph, therefore, is likewise of no avail to the petitioners.

The conclusion herein reached is in accord with *Matter of Guaranty Trust Co.* v. *Bates* (202 Misc. 490) decided by Mr. Justice Bookstein on July 17, 1952, *Matter of Stannard* v. *Browne* (204 Misc. 33), and *Gurney* v. *State of New York* (201 Misc. 383).

Since the requested relief is barred by the Statute of Limitations the application must be denied and the petition dismissed.

Submit order.