■ MAX SMITH, Plaintiff, v. TOP NOTCH BAKERS, INC., et al., Defendants. JOHN E. HOY, as Sheriff of the County of Westchester, Appellant; WEST-CHESTER COUNTY NATIONAL BANK, Now by Merger NATIONAL BANK OF WEST-CHESTER, WHITE PLAINS, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ. [See 286 App. Div. 1016.]

■ In the Matter of ANNANDALE, INC., Respondent, against PAUL BRI-ENZA, as Building Inspector of the Town of New Castle, Appellant.— Appeal from an order directing appellant to issue a permit for the erection of a residence building on respondent's lot. The lot abuts on an improved county highway, and the proposed building would be erected about 400 feet back from this highway. Appellant contends that the order is contrary to section 280-a of the Town Law in that there is no proof of access to the structure within the meaning of that statute. Respondent contends that inasmuch as the lot has frontage on the county highway, and the legal right of access thereby exists, the building permit should issue as of right. Order reversed, without costs, and the matter remitted to the Special Term for the taking of proof in respect of physical access from the county highway to the proposed structure. The proceeding is in the nature of mandamus, and a positive order may be made only upon a showing of clear legal right to the relief. In the present case, the unusual distance between the highway and the structure emphasizes the necessity of construing the statute as requiring physical access to the structure and not merely access to the portion of the lot which fronts on the highway. The purpose of the statute appears to be in the public interest and primarily to provide reasonable means of coping with fires and other emer-gencies. The statute does not require any particular form of physical access, merely any reasonable means. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ In the Matter of ANDREW DELL'AQUILA, Petitioner, against THOMAS E. ROHAN et al., Constituting the Liquor Authority of the State of New York, Respondents.— This proceeding to review a determination made by respond-ents revoking petitioner's restaurant liquor license and directing that no new license for the premises in question be issued for a period of twelve months has been transferred to this court. (Civ. Prac. Act, § 1296.) Determination unanimously confirmed, with $10 costs and disbursements. There is substantial evidence in the record to support the determination that petitioner had violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that he had permitted the licensed premises to become disorderly, and so to become in that he had permitted males to solicit male patrons therein for immoral purposes. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ In the Matter of REUBEN FUCHS et al., Appellants, against BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.— In a proceeding to compel the respondent superintendent of schools to recommend to the respondent board of education the appointment of one of the appellants as its director of science, and for other relief, the appeal is from an order dismissing the petition, on respondents' motion. Order unanimously affirmed, with $10 costs and disbursements. The fact that appellants have been marked qualified for appointment to a position which is concededly in the noncompetitive class does not give them a right to appointment. (*Hurley* v. *Board of Educ. of City of N. Y.*, 270 N. Y. 275; *Reiser* v. *State of New York*, 198 Misc. 647; *Matter of Turel* v. *Delaney*, 287 N. Y. 15; *Matter of Bailey* v. *Kern*, 177 Misc. 904, 905; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435.) Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *post*, p. 892.]