Donald S. Taylor, J.
On the ground that it was arbitrary, petitioner in this article 78 (Civ. Prac. Act) proceeding applies for an order annulling a determination of the respondent Secretary of State which denied his application for the approval of a real estate course and directing the issuance of a license to conduct such. (Real Property Law, § 441, subd. 1.) He also *220 seeks compensatory damages against the respondents for financial losses allegedly suffered by him on account of the denial.
The respondents appear specially to object to the jurisdiction of the court on the ground that it has neither jurisdiction of the subject matter of the proceeding in respect of the claim for damages nor of the respondents individually. They also raise objections in point of law that the proceeding was not timely instituted and that the petition fails to state facts which would entitle the petitioner to the relief which is sought.
To the extent that the respondents are accosted in their official capacities, the State, as they contend, is the real party in interest and, of course, may be sued for damages only with its specific consent. (Psaty v. Duryea, 306 N. Y. 413, 419; Niagara Falls Power Co. v. White, 292 N. Y. 472, 480, 481; Sanders v. Saxton, 182 N. Y. 477, 479.) Such may be fairly found in section 1300 of the Civil Practice Act which provides “In an appropriate ease, the court may award the petitioner the damages which he has sustained.” With respect to such part of the final order as awards petitioner 1‘ incidental relief, such as * * * damages * * * [it] may be entered and docketed, and enforced as a final judgment in an action.” (Civ. Prac. Act, § 1303.) Thus by statute the State has surrendered, in an appropriate case, its sovereign immunity against the prosecution of a claim by a petitioner for damages incidental to the primary relief which is sought in a mandamus proceeding. (Reiser v. State of New York, 198 Misc. 647; Marasco v. State of New York, 182 Misc. 505; Niagara Falls Power Co. v. White, supra, pp. 480, 481.) The Legislature must be presumed to know the frequent impact of article 78 on the acts of the chosen agents of the State. Had it intended to restrict liability for the accessory relief which the statute permits solely to controversies between private suitors and to leave the State to answer only in the Court of Claims for such, it would have been simple to have derogated the statute in this respect. In People ex rel. Goring v. President, etc., Village of Wappingers Falls (151 N. Y. 386, 389), in construing a predecessor statute contained in "the Code of Civil Procedure, the court said: “ It is the evident intent of the legislature that a relator who has secured his final order for the peremptory writ [of mandamus] ought not to be driven to his action for damages and subjected to the delays incident to a second litigation, but if he so elects the court must award him his damages in the pending proceeding. ’ ’
Breen v. Mortgage Comm. (285 N. Y. 425, 431), illustrative of the authorities on which the respondents rely, is distinguishable. *221 There, the Mortgage Commission. Act empowered the commission ‘ ‘ to sue and be sued ’ It was held that this language did not amount to a consent by the State to be sued for damages arising from the alleged misconduct of the commission in the administration of certificated mortgages but was intended by the Legislature to be restricted to “ litigation in which the Commission might be involved as a necessary part of the administration of the certificated mortgages generally ” as to which the Court of Claims was without jurisdiction to afford relief. This was quite different from the specific statutory language with which we are dealing here. It follows that this court has jurisdiction of the subject matter of the incidental damages for which the petition prays.
We now turn to the question whether the respondents individually can be held to account in a proceeding such as this. The primary relief which the petitioner seeks is to compel the respondents, as State officials, to issue the license. If petitioner ultimately succeeds, the final order will mandate them in these capacities. Any incidental relief which may be awarded will affect the State itself. It is clear that the procedure provided by article 78 was not intended by the Legislature to reach a personal controversy between petitioner and the State officials as individuals in respect to a claim for damages which arises as a concomitant of the performance of their public functions. Moreover, the allegations of the petition which purport to charge the respondents with personal wrongdoing are conclusory only and bear no rational nexus to other than their public acts.
From the petition and its accompanying exhibits it appears that after the respondent Secretary of State’s decision dated April 4, 1960 which announced ‘ ‘ that we cannot grant approval to your course at this time ”, she, as late as August 25,1960, was still reconsidering petitioner’s application. Argument against the proceeding on the score of untimeliness is unavailing. (Civ. Prac. Act, § 1286; Matter of Peekskill Packing Co., v. Board of Health of Vil. of Peekskill, 172 Misc. 176, revd. on other grounds 261 App. Div. 915, motion for reargument denied 262 App. Div. 863.)
The respondents originally placed their denial of the application solely on the assigned ground of the untrustworthiness of petitioner founded on his publication of what they considered objectionable and misleading newspaper advertising in respect to the course and belatedly added as a further reason for their disapproval the existence of undisclosed information in their files detrimental to petitioner’s cause which had been furnished *222 by unidentified public officials and others. Petitioner is entitled to know the assumed facts which supported the rationale of the administrative action. The petition is sufficient therefore to require respondents in their official capacities to explain by their answers the ultimate factors which they considered in determining whether or not to issue the license.
Accordingly, the special appearance of respondents in their official statuses is overruled and that in their individual capacities is sustained. Their objection in point of law which they raise as State officials is overruled and their application as individuals for an order dismissing the petition is granted.
Leave to appeal is granted if the parties are so advised. (Civ. Prac. Act, § 1304.) Otherwise, proceed in accordance with the provisions of section 1293 of the Civil Practice Act.