Benjamin Brenner, J.
Plaintiff moves in a replevin action to stay defendant Commissioner of Agriculture and Markets of the State of New York ££ from proceeding with any hearing to determine, the fitness and wholesomeness of a quantity of eggs belonging to plaintiff ’ ’, which are cold-storaged in the warehouse of the corporate defendant. The Commissioner appears specially to set aside service of process upon him and to strike from the amended complaint any reference to him, because the *569 court lacks jurisdiction of person and subject matter without the State’s consent to be sued.
On oral argument the plaintiff emphasized the injustice of the more than three months’ delay of hearing and of the seizure of the eggs without a definitive finding that they have deteriorated to the point of unfitness for human consumption. Though the Commissioner did unreasonably delay the hearing, the eggs, in their present frozen state, are not in danger of further deterioration. It is, moreover, clear that but for this motion, the hearing which has already been scheduled pursuant to statute, could have been had and concluded and the Commissioner could conceivably have determined the matter in plaintiff’s favor or rendered a satisfactory opinion as a basis for any contrary determination.
As to the merits of the matter, the doctrine of sovereign immunity barring suits against the State and its agencies is applicable where the State or governmental unit is no mere nominal party but an actual or interested adverse one (Glassman v. Glassman, 309 N. Y. 436, 443). That this defendant is such an interested party is apparent, it having taken effective steps and issued the order of seizure as an agency of the State. It may not thus be sued without its specific consent (Matter of Karaffa v. Simon, 29 Misc 2d 219, 220, citing Psaty v. Duryea, 306 N. Y. 413, 419; Niagara Falls Power Co. v. White, 292 N. Y. 472, 480, 481; Sanders v. Saxton, 182 N. Y. 477, 479). There is no showing in the papers submitted that the State’s consent to be sued was first obtained. I find this to be a fatal defect which requires me to hold that the court has no jurisdiction.
The defendant’s cross motion is accordingly granted, the plaintiff’s motion is denied and the stay vacated. The hearing and a determination thereon should now proceed with reasonable dispatch.