Alexander Del Gtorno, J.
This is a motion for an order permitting the late filing of a claim pursuant to subdivision 5 of section 10 of the Court of Claims Act.
The proposed claim which is attached to the moving papers alleges that the claimant, an employee of Manhattan State Hospital, was called to the personnel office of the hospital on *972 October 8, 1962, was 11 confronted with a fingerprint record indicating conviction on the part of someone,” was told that the record was his and was discharged summarily. Paragraph 2 of the claim alleges that ‘ ‘ this claim is for the wrongful discharge of the claimant by the Manhattan State Hospital on October 8, 1962.” In paragraph 7 of the claim, claimant alleges that “ the particulars of claimant’s damages are as follows: loss of earnings as a result of wrongful discharge, $5,000.00 ; defamation of character and reputation, $5,000.00.”
Affidavits have been submitted to the court, the purpose of which were to indicate that reasonable excuse exists for the failure to file within the statutory period, that the State had actual knowledge of the facts constituting the claim within such period, and that the State has not been prejudiced by the failure to file.
The State urges that the Court of Claims does not have jurisdiction to determine the proposed claim.
The court will consider first the jurisdictional question. The Director of Manhattan State Hospital is charged with the duty of appointing and removing within the amounts appropriated and in accordance with law and any applicable Rules of the State Civil Service Commission such officers and employees as he may deem necessary for the efficient administration of the institution. Upon any such removal, he shall make a record thereof, with the reason therefor, under the appropriate head in one of the books of the institution. (Mental Hygiene Law, § 34, subd. 2.)
This claim is based upon the alleged wrongful act of the Director of the hospital in discharging claimant and terminating his employment. Part of the damages claimed is “ loss of earnings as a result of wrongful discharge.” The damages claimed for defamation of character and reputation are incident of the alleged wrongful act of the Director, and are dependent for their validity upon the improper exercise of his duty by the Director.
The proper remedy for a person who has been wrongfully excluded or removed from public office is a proceeding against a body or officer, under article 78 of the Civil Practice Act. This proceeding must be instituted in Supreme Court (Reiser v. State of New York, 198 Misc. 647). That court has the power to pass upon the correctness of the determination of the Director of the hospital. Further, the Supreme Court has the power, in reviewing the determination of the Director, to ‘ ‘ award such restitution as may be just. In an appropriate case, the court may award the petitioner the damages which he has sustained.” *973 (Civ. Prac. Act, § 1300.) Under this section, the State has surrendered its immunity against the prosecution of a claim by a petitioner for damages incidental to the primary relief which is sought in the article 78 proceeding. Had the Legislature intended to restrict the State’s liability for accessory relief in such a proceeding only by an action in the Court of Claims, it would have so provided in article 78. (Matter of Karaffa v. Simon, 29 Misc 2d 219, revd. on other grounds 14 A D 2d 978.) Thus, the Supreme Court may consider the claim for incidental damages.
Since the validity of the claim hinges on the correctness of the determination by the Director of the hospital, this court has no jurisdiction. The correct remedy is an article 78 proceeding. (Marasco v. State of New York, 182 Misc. 505.) Consideration of the application to permit late filing thus becomes academic. The motion is denied.