Hon. Janes L. Magavern Counsel to the Comptroller State of New York
You have requested our opinion concerning the power of the Commissioner of Human Rights to award compensatory damages against the State as employer under the Human Rights Law. It is our opinion that, with the limitation discussed below, he can and that the State is obligated to pay the award or to contest it through the appeal process provided for the Human Rights Law.
It is well settled that the State is an employer subject to the Human Rights Law. The original predecessor of this law was added by Chapter 118 of the Laws of 1945. On February 14, 1946, the Attorney General advised the Commission Against Discrimination that it had jurisdiction over the State and its officers. (1946 Op Atty Gen 82.) In 1964, the Court of Appeals confirmed the Attorney General's opinion when it held that the Board of Regents and the Commissioner of Education were subject to the Commission's general jurisdiction and power notwithstanding the Regents' independent statutory duty to enforce laws against discrimination and the then definition of "employer", which excluded not-for-profit educational associations or corporations. (Matter of Board of Higher Education of theCity of New York v Carter, 14 N.Y.2d 138.)
The Commissioner of Human Rights, upon finding that an employer has engaged in an unlawful discriminatory practice, has broad power to order the employer to take "affirmative action, including (but not limited to) hiring, reinstatement or upgrading of employees, with or without back pay". The Commissioner may also award "compensatory damages to [a] person aggrieved by" an unlawful discriminatory practice (§ 297, subd 4, par c).
Since the Commissioner has general jurisdiction and power over the State as employer, it is reasonable to assume that the Commissioner may order a State agency to hire, reinstate or upgrade an employee, with or without back pay, or to award compensatory damages to a person discriminated against by a State agency. Having decided to include the State within the regulated universe of employers, the Legislature surely intended the Commissioner's enforcement tools to be as usable against the State as employer as against any other employer in that regulated universe. Moreover, the Legislature specifically provided that the Human Rights Law is to "be construed liberally for the accomplishment of the purposes thereof" (§ 300).
Thus, the Commissioner's enforcement power vis-a-vis the State as employer would appear to be co-extensive with that against other employers unless there is some constitutional or statutory inhibition restricting that power insofar as the State is concerned.
Some limitations on the Commissioner's enforcement power exist as a result of the decision in City of Schenectady v State Division of HumanRights, 37 N.Y.2d 421, 430 (1975). There, the Court of Appeals specifically held that the Commissioner cannot order either the hiring or the promotion of a person to a position in the civil service; this is because the appointing authority has a constitutional and statutory discretion to choose from among eligibles certified by a civil service commission (citing Matter of Berger v Walsh, 291 N.Y. 220, 223 [1943];Matter of Delicati v Schechter, 3 A.D.2d 19, 21 [1st Dept, 1956]). The Court also held that a back pay award was invalid because it was "dependent upon the offer of appointment", which the Commissioner could not order. (Ibid.) The Court's disposition of the appeal was a direction that the matter be remanded to the Division for further proceedings "to effectuate the purposes of the Human Rights Law" (Id. at 431, citing § 297, subd 4, par c). Since the Court upheld the Commissioner's finding that the City of Schenectady has discriminated against the complainant on the basis of sex, the Court's remand presumably was an authorization for the Division to award compensatory damages so long as they were not tied specifically to "the offer of appointment". The Appellate Division, First Department, has so read the Schenectady
decision. See Matter of New York City Department of Personnel v StateDivision of Human Rights, 56 A.D.2d 795, 796 (1st Dept, 1977), where the Court remanded the matter to the Commissioner of the State Division with explicit direction to determine compensatory damages appropriate under the circumstances.
These cases denied the Commissioner power to order a municipality to offer an appointment or promotion to a person discriminated against where the appointment or promotion was from a civil service list of certified eligibles. Since the Commissioner could not order appointment or promotion, he could not award compensatory damages in an amount equivalent to back pay, that is, the loss in pay between the date of discrimination and the date of appointment or promotion, a normal measure of damages but one that cannot be used where there is no power to order appointment or promotion. In other words, these cases vacated awards that had determined compensatory damages under a formula that depend upon a terminal date — an offer of appointment or promotion — that would not occur. They did, however, affirm the complainant's right to compensatory damages under an appropriate formula.
Since the State is a public employer under the Commissioner's jurisdiction, the authorization for compensatory damages as limited by the Schenectady and New York City cases applies to the State. It surely would not be reasonable in light of the strong public policy proscribing discrimination by the State (Constitution, Art I, § 11) to ascribe to the Legislature an intent not to protect its citizens from wrongs done them by the State while protecting them from wrongs done by all other employers, including all political subdivisions. Moreover, to deprive persons wronged by the State of monetary damages would leave those persons without any remedy.
The discussion to this point demonstrates that the Legislature in enacting the Human Rights Law waived sovereign immunity at least to the extent of subjecting the State to the regulations of that law and to the extent of authorizing the Commissioner of Human Rights to determine appropriate remedies to "effectuate the purpose of" that law. The only question, therefore, is whether by inadvertence or design the Legislature intended to require a complainant who was awarded compensatory damages against the State to institute a new action against the State to collect the money award.
This question of a second action arises out of the doctrine of sovereign immunity, a rule of the common law that the State may be sued in its own courts only with its consent. Since it is a common law rule, courts can abandon sovereign immunity in the absence of legislation. Molitor vKaneland Community Unit District, 18 Ill.2d 11, 163 N.E.2d 89 (1959). Legislatures can waive immunity in many ways — by appropriating money to pay specific claims, by creating an administrative procedure for auditing claims, or by creating a statutory court of claims. The explicit waiver of immunity in New York is section 8 of the Court of Claims Act. This section does three things: (1) it waives immunity from liability; (2) it names the Court of Claims as the forum in which claims are to be litigated; and (3) it restricts the State's waiver of immunity to those wrongs alleged in claims filed in the Court of Claims. The crucial question is whether the third element of section 8 extends to claims arising out of other statutes that in themselves provide the first and second elements of section 8.
Section 8 itself excludes workers' compensation claims from its coverage. Although workers' compensation claims are not paid from the general fund and in this respect differ from other claims, it is nevertheless significant that the Legislature recognized from the beginning that section 8 did not literally restrict waiver of immunity to wrongs to be alleged in the Court of Claims.
The Civil Service Law is, however, directly relevant. That law provides that the State as employer may not arbitrarily discharge or discipline certain employees of the State (§ 75); provides a forum for litigating an alleged wrongful discharge (§ 76); and provides that compensatory damages for wrongful discharge may be awarded "by order of the supreme court" (§ 77). The Court of Claims has held that it has no jurisdiction to accept a claim for damages for wrongful discharge and that a claimant must proceed in Supreme Court under Article 78 of the Civil Practice Law and Rules. (Burger v State of New York, 40 Misc.2d 971
[1963].)
The Human Rights Law is an instance where the State has waived immunity and has not required a claimant to sue in the Court of Claims. It can be argued, of course, that the civil service exception in section77 of the Civil Service Law is a specific and explicit exception to the general requirement that claims against the State must be litigated in the Court of Claims, whereas any exception in the Human Rights Law is implicit.
The Human Rights Law and the Civil Service Law both run against the State as employer; both provide for determination of the State's liability as an employer; both authorize an award of compensation; and both provide for comprehensive judicial review. The distinction is only that in one case the Legislature spelled out its intention and in the other case did not do so as to the State's liability for compensatory damages. The clarity of its intention is there, however, by necessary implication. Moreover, it would indeed place an unconscionable burden upon persons who have already been proved victims of discriminatory practices to have to institute a second lawsuit. The constitutional dimension of the civil right involved here is strong indication that no such burden could have been intended by the Legislature.
We conclude that the Commissioner of Human Rights may award to persons who have been discriminated against by the State as employer such compensatory damages as are appropriate to compensate for the wrong suffered. We conclude also that a person who is awarded damages against the State is not required to proceed against the State in the Court of Claims in order to enforce the award.